UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    <u>Plaintiff</u>,

v.

CITY OF BOSTON, WILLIAM FEENEY, KENNETH HEARNS and JUAN J. SEOANE,
    <u>Defendants</u>.

### <u>DEFENDANT WILLIAM FEENEY'S ANSWER TO THE PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND</u>.

NOW COMES William Feeney, Defendant in the above-entitled action, and hereby answers the Complaint of the Plaintiff, as follows:

### <u>INTRODUCTION</u>

Paragraph One of Plaintiff's Complaint contains a preliminary statement summarizing the Plaintiff's allegations as contained within the numbered paragraphs of his Complaint, and as such does not require a response. To the extent that the Plaintiff's introduction states any claim against Defendant Feeney, it is denied.

### <u>STATEMENT OF JURISDICTION</u>

Paragraph Two of Plaintiff's Complaint contains his statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiff's statement of

1

jurisdiction states any claim against Defendant Feeney, it is denied.

## PARTIES

3. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Three of the Complaint, and therefore neither admits nor denies said allegation.

4. Defendant Feeney admits the allegations contained in Paragraph Four of the Complaint.

5. Defendant Feeney admits the allegations contained in Paragraph Five of the Complaint.

6. Defendant Feeney admits the allegations contained in Paragraph Six of the Complaint.

7. Defendant Feeney, admits the allegations contained in Paragraph Seven of the Complaint.

## FACTS

8. Defendant Feeney, is without knowledge or information sufficient to form a belief as to the truth of the

allegation contained in Paragraph Eight of the Complaint, and therefore neither admits nor denies said allegation.

9. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine of the Complaint, and therefore neither admits nor denies said allegations.

10. In answer to Paragraph Ten of the Complaint, Defendant Feeney admits that police officers found no drugs on the Plaintiff. Answering further, Defendant Feeney admits that police officers searched the Plaintiff in the manner described, but denies that such a search happened prior to events described in Paragraph Eleven.

11. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven of the Complaint, and therefore neither admits nor denies said allegations.

12. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve of the Complaint, and therefore neither admits nor denies said allegations.

13.   Defendant Feeney denies the allegation contained in Paragraph Thirteen of the Complaint.

14.   Defendant Feeney denies the allegation contained in Paragraph Fourteen of the Complaint.

15.   Defendant Feeney denies the allegation contained in Paragraph Fifteen of the Complaint.

16.   Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Sixteen of the Complaint, and therefore neither admits nor denies said allegation.

17.   Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Seventeen of the Complaint, and therefore neither admits nor denies said allegation.

18.   Defendant Feeney denies the allegations contained in Paragraph Eighteen of the Complaint.

19.   Defendant Feeney denies the allegations contained in Paragraph Nineteen of the Complaint.

20. Defendant Feeney denies the allegation contained in Paragraph Twenty of the Complaint.

21. Defendant Feeney denies the allegations contained in Paragraph Twenty-One of the Complaint.

22. Defendant Feeney denies the allegations contained in Paragraph Twenty-Two of the Complaint.

23. Defendant Feeney denies the allegations contained in Paragraph Twenty-Three of the Complaint.

24. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Four of the Complaint, and therefore neither admits nor denies said allegation.

25. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Five of the Complaint, and therefore neither admits nor denies said allegation.

26. Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Six of the Complaint, and therefore neither admits nor denies said allegation.

27.  Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Seven of the Complaint, and therefore neither admits nor denies said allegation.

28.  Defendant Feeney is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Eight of the Complaint, and therefore neither admits nor denies said allegation.

29.  Paragraph Twenty-Nine of the Complaint states a legal conclusion, and as such does not require an answer.  To the extent that Paragraph Twenty-Nine makes a factual allegation against Defendant Feeney, it is denied.

30.  Paragraph Thirty of the Complaint states a legal conclusion, and as such does not require an answer.  To the extent that Paragraph Thirty makes a factual allegation against Defendant Feeney, it is denied.

31.  Paragraph Thirty-One of the Complaint states a legal conclusion, and as such does not require an answer.  To the extent that Paragraph Thirty-One makes a factual allegation against Defendant Feeney, it is denied.

32. Defendant Feeney denies the allegation contained in Paragraph Thirty-Two of the Complaint.

33. Defendant Feeney does not answer Paragraph Thirty-Three of the Complaint, as it is the subject of Defendants' Motion to Strike.

34. Defendant Feeney denies the allegations contained in Paragraph Thirty-Four of the Complaint.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS.

35. Defendant Feeney repeats and incorporates his answers to Paragraphs One through Thirty-Four, above.

36. Paragraph Thirty-Six of the Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Thirty-Six makes a factual allegation against Defendant Feeney, it is denied.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. C. 12 §11I BY DEFENDANT POLICE OFFICERS HEARNS AND SEOANE.

Defendant Feeney does not answer Count II, as it is directed against other defendants.

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON.**

Defendant Feeney does not answer Count III, as it is directed against another defendant.

**AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

The Complaint fails to state a claim against Defendant Feeney upon which relief may be granted.

*Second Affirmative Defense*

Defendant Feeney states that he is a public employee entitled to immunity for negligent conduct committed during the scope of his employment pursuant to the Massachusetts Torts Claims Act.

*Third Affirmative Defense*

Defendant Feeney states that at all relevant times, he acted in good faith and in accord with the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

*Fourth Affirmative Defense*

Defendant Feeney states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States, or of Commonwealth of Massachusetts.

*Fifth Affirmative Defense*

Defendant Feeney states that the injury or damage alleged in the Plaintiff's Complaint was neither caused nor proximately caused by him.

*Sixth Affirmative Defense*

Defendant Feeney states that the injuries and damages alleged were caused by the Plaintiffs' own intentional conduct and not the conduct of the Defendant Feeney.

*Seventh Affirmative Defense*

Defendant Feeney states that the Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against him.

*Eighth Affirmative Defense*

Defendant Feeney states that he is entitled to qualified immunity from suit.

**JURY CLAIM**

Defendant Feeney demands a trial by jury on all claims.

Respectfully submitted
DEFENDANT, WILLIAM FEENEY
Merita A. Hopkins
Corporation Counsel

By his attorneys:

/s/ James M. Chernetsky
_____
James M. Chernetsky, Esq. BBO# 638152
Karen A. Glasgow, Esq. BBO# 648688
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4034