UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

WILLIAM FEENEY, KENNETH
HEARNS, MARC ACLOQUE and
CITY OF BOSTON,
    Defendants.

**DEFENDANT CITY OF BOSTON'S ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.**

NOW COMES the City of Boston, Defendant in the above-entitled action, and hereby answers the Amended Complaint of the Plaintiff, as follows:

**INTRODUCTION**

Paragraph One of the Plaintiff's Amended Complaint contains a preliminary statement summarizing the Plaintiff's allegations as contained within the numbered paragraphs of his Amended Complaint, and as such does not require a response. To the extent that the Plaintiff's introduction states any claim against Defendant City of Boston, it is denied.

**STATEMENT OF JURISDICTION**

Paragraph Two of Plaintiff's Amended Complaint contains his statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiff's statement of

1

jurisdiction states any claim against Defendant City of Boston, it is denied.

## PARTIES

3.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Three of the Amended Complaint, and therefore neither admits nor denies said allegation.

4.   Defendant City of Boston admits the allegations contained in Paragraph Four of the Amended Complaint.

5.   Defendant City of Boston admits the allegations contained in Paragraph Five of the Amended Complaint.

6.   Defendant City of Boston admits the allegations contained in Paragraph Six of the Amended Complaint.

7.   Defendant City of Boston admits the allegations contained in Paragraph Seven of the Amended Complaint.

## FACTS

8.   Defendant City of Boston, is without knowledge or information sufficient to form a belief as to the truth of the

allegation contained in Paragraph Eight of the Amended Complaint, and therefore neither admits nor denies said allegation.

9. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine of the Amended Complaint, and therefore neither admits nor denies said allegations.

10. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten of the Amended Complaint, and therefore neither admits nor denies said allegations.

11. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven of the Amended Complaint, and therefore neither admits nor denies said allegations.

12. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve of the Amended Complaint, and therefore neither admits nor denies said allegations.

13.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

14.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

15.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

16.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Sixteen of the Amended Complaint, and therefore neither admits nor denies said allegation.

17.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the

allegation contained in Paragraph Seventeen of the Amended Complaint, and therefore neither admits nor denies said allegation.

18. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

19. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

20. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty of the Amended Complaint, and therefore neither admits nor denies said allegations.

21. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-One of the Amended

Complaint, and therefore neither admits nor denies said allegations.

22. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two of the Amended Complaint, and therefore neither admits nor denies said allegations.

23. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Three of the Amended Complaint, and therefore neither admits nor denies said allegation.

24. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Four of the Amended Complaint, and therefore neither admits nor denies said allegation.

25. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Five of the Amended Complaint, and therefore neither admits nor denies said allegation.

26.    Defendant City of Boston admits the allegation contained in Paragraph Twenty-Six of the Amended Complaint.

27.    Defendant City of Boston admits that the police took the Plaintiff to the scene of an alleged crime, took photographs and seized evidence.  Answering further, Defendant City of Boston denies that such evidence included an evidence glove, or that a crime occurred.

28.    Defendant City of Boston denies that a glove was seized at the scene of the alleged crime.

29.    Paragraph Twenty-Nine of the Amended Complaint states a legal conclusion, and as such does not require an answer.  To the extent that Paragraph Twenty-Nine makes a factual allegation against Defendant City of Boston, it is denied.

30.    Paragraph Thirty of the Amended Complaint states a legal conclusion, and as such does not require an answer.  To the extent that Paragraph Thirty makes a factual allegation against Defendant City of Boston, it is denied.

31.    Paragraph Thirty-One of the Amended Complaint states a legal conclusion, and as such does not require an answer.  To the

extent that Paragraph Thirty-One makes a factual allegation against Defendant City of Boston, it is denied.

32.  Defendant City of Boston denies the allegation contained in Paragraph Thirty-Two of the Amended Complaint.

33.  Defendant City of Boston denies the allegation contained in Paragraph Thirty-Three of the Amended Complaint.

34.  Defendant City of Boston denies the allegations contained in Paragraph Thirty-Four of the Amended Complaint.

**COUNT I**
**VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS.**

Defendant City of Boston does not answer Count I, as it is directed against other defendants.

**COUNT II**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. C. 12 §11I BY DEFENDANT POLICE OFFICERS HEARNS AND ACLOQUE.**

Defendant City of Boston does not answer Count II, as it is directed against other defendants.

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON.**

39. Defendant City of Boston repeats and incorporates its answers to Paragraphs One through Thirty-Eight, above.

40. Defendant City of Boston denies the allegation contained in Paragraph Forty of the Amended Complaint.

41. Defendant City of Boston denies the allegation contained in Paragraph Forty-One of the Amended Complaint.

42. Defendant City of Boston denies the allegation contained in Paragraph Forty-Two of the Amended Complaint.

43. Defendant City of Boston denies the allegations contained in Paragraph Forty-Three of the Amended Complaint.

44. Defendant City of Boston denies the allegations contained in Paragraph Forty-Four of the Amended Complaint.

45. Defendant City of Boston admits the allegations contained in Paragraph Forty-Five of the Amended Complaint.

46. Defendant City of Boston admits the allegations contained in Paragraph Forty-Six of the Amended Complaint.

47. Defendant City of Boston admits the allegations contained in Paragraph Forty-Seven of the Amended Complaint.

48. Defendant City of Boston admits that the report found that 5.9% of complaints were sustained, but denies the accuracy of the quotation contained in Paragraph Forty-Eight.

49. In Answer to Paragraph Forty-Nine of the Amended Complaint, Defendant City of Boston denies that Department Rule 318(D)(4), described in Paragraphs Twenty-Nine and Thirty-One of the Amended Complaint, is illustrated in any way by any of the remaining allegations of conduct contained in Paragraph Forty-Eight of the Amended Complaint, none of which relate to the subject matter of the Rule described in Paragraphs Twenty-Nine and Thirty-One.

50. Defendant City of Boston denies the allegations contained in Paragraph Forty-Nine of the Amended Complaint.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

The Amended Complaint fails to state a claim against Defendant City of Boston upon which relief may be granted.

*Second Affirmative Defense*

Defendant City of Boston states that there is no factual connection between any unconstitutional municipal custom, policy

or practice and the alleged violation of the Plaintiff's constitutional rights.

### Third Affirmative Defense

Defendant City of Boston states that at all relevant times, it acted in good faith and in accordance with the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

### Fourth Affirmative Defense

Defendant City of Boston states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States, or of Commonwealth of Massachusetts.

### Fifth Affirmative Defense

Defendant City of Boston states that the injury or damage alleged in Plaintiff's Amended Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Sixth Affirmative Defense

Defendant City of Boston states that it is not liable for any intentional tortious conduct by an employee pursuant to G.L. c.258 §10(c).

### Seventh Affirmative Defense

Defendant City of Boston states that it is a municipality against which punitive damages may not be assessed.

### *Eighth Affirmative Defense*

Defendant City of Boston states that the injuries and damages alleged were caused by the Plaintiffs' own intentional conduct and not the conduct of the Defendant, City of Boston.

### *Ninth Affirmative Defense*

Defendant City of Boston states that the Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against the City of Boston.

### **JURY CLAIM**

Defendant, City of Boston, demands a trial by jury on all claims.

>
> Respectfully submitted
> DEFENDANT, CITY OF BOSTON
> Merita A. Hopkins
> Corporation Counsel
>
> By its attorneys:
>
> /s/ Karen A. Glasgow
> _____
> James M. Chernetsky, Esq. BBO# 638152
> Karen A. Glasgow, Esq. BBO# 648688
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4034

13