UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LACY,<br>    Plaintiff<br><br>v.<br><br>WILLIAM J. FEENEY, KENNETH<br>HEARNS, JEAN ACLOQUE<br>and the CITY OF BOSTON,<br>    Defendants | C.A No. 04-11492 REK<br><br>**PLAINTIFF MARIO LACY'S RULE 56.1<br>STATEMENT AND SUPPORTING EXHIBITS** |

**Pursuant to Fed. R. Civ. P. 56, the Plaintiff requests that this Honorable Court grant plaintiff's motion for summary judgment. As grounds therefor, plaintiff submits his Motion For Summary Judgment And Incorporated Memorandum Of Law filed contemporaneously herewith, and provides the following statement of undisputed material facts and accompanying exhibits:**

1. On July 14, 2001, Defendant Officer Kenneth Hearns observed plaintiff on Marvin Street in Roxbury. Hearns believed plaintiff was making a drug deal. (*Ex. A,* Deposition of Kenneth Hearns at 13.) Hearns believed he had had probable cause to arrest plaintiff. (*Id.* at 14.) However, Hearns did not arrest him. (*Id.*)

2. A short time later Hearns saw plaintiff on Marvin Street near a dumpster. (*Id.* at 22.) He saw him take an object out to the dumpster. (*Id.* at 22-23.) Plaintiff then went up Marvin Street and towards Washington Street, where he was stopped by two members of the drug control unit. (*Id*.) Defendant Hearns, along with Defendant Sgt. Feeney and Defendant Acloque then approached plaintiff. (*Id*. at 27-28.) The officers again believed that there was probable cause to arrest plaintiff. (*Id*. at 29; *Ex B*, Deposition of William Feeney at 8)

3. According to defendant Hearns, Officer Juan Seoane conducted a pat-down search of plaintiff and searched plaintiff's pockets. (*Ex. A*, at 31, 32)

4. Defendant Feeney directed Defendant Hearns that, "if he thought he had something on him to search him." (*Id.* at 36-37.) Defendant Feeney assumed that Hearns would then conduct a strip search of plaintiff. (*Ex. B* at 9.) Defendant Feeney was the supervisor. (*Id.* at 19.)

5. Defendant Hearns searched plaintiff's pockets. (*Ex. E,* Deposition of Jean Acloque at 28-29.) A strip search was then conducted by Defendant Hearns. (*Ex. B* at 8; *Ex. A* at 42-43.) Defendant Acloque was present during the search. (*Ex. B*. at 28; *Ex. E* at 35.) Defendant Feeney acknowledges that a strip search was performed. (*Ex. B* at 9.) At least five officers were next to plaintiff during the strip search (*Ex. A* at 62.)

1

6. The search was conducted in a public alley. (*Ex. A* at 68.) No police report was completed or filed. (*Ex. B* at 16.)

7. Boston Police Department Regulations require that anytime a strip search is done it must be noted where the search is conducted and who performed the search. (*Ex C*, Boston Police Department Regulation 318D.) Officer Feeney admits that he violated this policy by not recording this strip search. (*Ex. B* at 17.) A complaint against Officer Feeney was sustained in another case for failing to put in the police report that a strip search had been conducted as required by Boston Police Department regulations. (*Ex. B* at 17)

8. Several of the individual defendants understood that that Boston Police Department regulations do not permit strip searches, as defined in the regulation, unless conducted either with a warrant or inside the police station. (*Ex. B* at 19-20; *Ex. A* at 41.)

9. None of the defendants wore gloves or even had them in his possession the night of the incident, nor did they normally carry them. (*Ex. B* at 21, 23, 24.)

10. At the time of the incident, other strip searches had been conducted outside of the police station. (*Ex. A* at 45; *Ex. B* at 19-23.) Defendant Feeney had personally been involved in such searches. In another matter where Defendant Feeney was the supervisor, he was disciplined for failing to document a strip search that occurred under his supervision during the execution of a search warrant. (*Ex. B* at 17, 19-20.) Defendant Hearns had also been involved in such searches, "maybe three or four times." (*Ex. A* at 45.)

11. Defendant Hearns used a plastic evidence bag on his hand when he strip searched the plaintiff. (*Ex. A* at 40; *Ex B* at 23.) These bags were recovered on the ground after the incident. Feces was found on these evidence bags. (*Ex. B* at 25.)

12. A body cavity search can only be conducted pursuant to a warrant and done by a physician pursuant to Boston Police Department regulations. (*Ex C*.)

13. Plaintiff alleges that in addition to a strip search, defendant Hearns conducted an anal cavity search. (*Ex. D*, Amended Complaint)

    Respectfully submitted,
    The Plaintiff Mario Lacy,
    By his attorneys,

    //S//Jessica D Hedges
    Stephen B. Hrones (BBO No. 242860)
    Jessica D. Hedges (BBO No. 645847)
    Michael Tumposky (BBO No. 660618)
    HRONES GARRITY & HEDGES LLP
    Lewis Wharf-Bay 232
    Boston, MA 02110-3927
    T)617/227-4019

**CERTIFICATE OF SERVICE**

  I, Jessica D Hedges, hereby certify that on this 23rd day of February, 2006, I served a true and correct copy of the foregoing, where unable to do so electronically, by United States First-Class Mail, postage prepaid, as follows:  Karen Glasgow, Esq., Jim Chernetsky, Esq., Civil Rights Div/Law Dept, City Hall, Rm 615, Boston, MA   02201.

                //S//Jessica D Hedges
                Jessica D Hedges