**Boston Police** DEPARTMENT

*Special Order Number:* 99-31

**To:** ALL BUREAUS, DISTRICTS AREAS, DIVISIONS, OFFICES, SECTIONS AND UNITS

**Copies To:** ALL SUPERINTENDENTS, DEPUTY SUPERINTENDENTS, AND DIRECTORS

June 1, 1999

SUBJECT:   RULE 318-D, STRIP SEARCH AND BODY CAVITY SEARCH PROCEDURES

This Special Order amends **Rule 318-D, Strip Search and Body Cavity Search Procedures** to bring the Rule into compliance with the Supreme Judicial Court ruling in Commonwealth v. Sean Thomas, 429 Mass 403 (1999). The only change to the Rule is that the requirement for "Reasonable Suspicion" is replaced with "Probable Cause." Thus, under Massachusetts Law, Probable Cause to believe an arrestee has either contraband or weapons in his or her possession is necessary before a strip search may be conducted.

Commanding Officers shall ensure that this order and the attached Rule are posted on Department bulletin boards until **Rule 318-D, Strip Search and Body Cavity Search Procedures,** has been issued to each member of the Department in their command.

Paul F. Evans
Police Commissioner

MENTION AT ROLL CALLS • POST UNTIL:   Indefinite

RULE 318-D

June 1, 1999

# STRIP SEARCH AND BODY CAVITY SEARCH PROCEDURES

This rule is issued to establish guidelines, regulations and procedures outlining when and how Strip Searches and Body Cavity Searches may be performed. It is effective immediately, superseding all previously-issued rules, regulations, orders and other directives concerning the procedures to be used when searching prisoners.

### Sec. 1 GENERAL CONSIDERATIONS/PURPOSE:

The purpose of this Rule is to clarify Department policy relative to **custodial "strip searches"** and/or **"body cavity searches authorized by a warrant."**

During the course of any **custodial** search, police officers may uncover evidence, contraband or other items that may be used to harm the arrested person or someone who comes in contact with the arrested person. When an officer has a <u>Probable Cause</u> that an arrestee has such contraband and/or weapon(s) in his or her possession and when a "pat search" is inconclusive and/or is an impractical method of searching for such contraband and/or weapon(s), it may be necessary for officers to conduct a "strip search." This Rule will provide strict guidelines for conducting a "strip search."

This Rule also clarifies the Department's policy governing "Body Cavity Searches." When an officer has a **high degree of probable cause** to believe that an arrestee has secreted contraband and/or weapon(s) in any body cavity, that officer must seek a warrant pursuant to G.L. c. 276 to authorize a **qualified medical professional** to perform a "body cavity search[.]" This requirement must be strictly adhered to <u>even if an object is observed partially protruding from the body cavity.</u> (Note: The exigent circumstances exception to the warrant requirement will apply if a suspect attempts to swallow contraband in the presence of the officer).

This Rule requires the Duty Supervisor to determine whether a Strip Search should be conducted during the booking process, and to determine whether a warrant for a body cavity search should be sought at any time during the period the suspect is in custody.

### Sec. 2 DEFINITIONS:

- **Strip Search:** The removal or re-arrangement of some or all of the arrested person's clothing so as to permit a **visual** inspection of the breasts, buttocks, anus, or genitalia. This does not include any touching or prodding of body parts.



RULE 318-D
June 1, 1999

- **Body Cavity Search:** A search conducted pursuant to a warrant that authorizes a physician to conduct an internal manual inspection of any human body cavity.

### Sec. 3 ROLE OF DUTY SUPERVISOR:

It shall be the responsibility of the Duty Supervisor to make the determination whether or not a Strip Search should be conducted during the course of the booking procedure of a prisoner. It shall also be the responsibility of the Duty Supervisor to make the determination whether to seek a warrant for a Body Cavity Search.

The Duty Supervisor will ensure that every provision of this Rule is complied with in those cases where a Strip Search is to be performed.

### Sec. 4 UTILIZATION OF STRIP SEARCH:

Strip searches **MAY NOT** be conducted as a routine part of the booking procedure.

A strip search may ONLY be conducted if the DUTY SUPERVISOR finds that the suspect is in custody, and the officer has PROBABLE CAUSE to believe that the suspect has CONTRABAND AND/OR WEAPONS that may JEOPARDIZE THE HEALTH AND SAFETY of the arrested person and/or those who come into contact with the arrested person.

After such a finding is made, the Duty Supervisor shall ensure that the following procedures are followed:

1. The search will be performed by an officer who is the SAME GENDER as the prisoner, and will be conducted in an area that affords COMPLETE PRIVACY.

2. The custodial strip search shall be recorded on the incident report including the facts supporting the probable cause, the name of the officer performing the search, and the location where the search is conducted.

3. The evidence or property discovered shall be seized, recorded and secured in the normal manner, and recorded on the incident report as well as on the booking sheet.

4. Arrestees may be requested to manipulate their own body parts. Police officers may not touch or prod any body part. In the event that the "strip search" is not accomplished, due to a lack of cooperation on the part of the arrested person, the Duty Supervisor shall determine whether or not the arrested person is placed in a cell or kept under guard.

Police officers are prohibited from conducting a "strip search" outside the confines of the District Station, **unless such search is authorized by a warrant.** In no event shall force be applied to accomplish a "strip search," unless authorized by a warrant. **If a "strip search" in the field is authorized by a warrant, all responsibilities listed for the Duty Supervisor in this section shall be transferred to the superior officer in charge of the search.**

Sec. 5  UTILIZATION OF BODY CAVITY SEARCH:

Body Cavity Searches may only be conducted when authorized by a warrant. It shall be the responsibility of the Duty Supervisor to make the determination whether a warrant should be sought authorizing a body cavity search.

NOTE:    Precautions should be taken by police officers when handling evidence recovered in this fashion, such as wearing protective gloves.

Body Cavity Search Procedure

1. Under no condition shall a "body cavity search" be conducted by a police officer.

2. If an officer has a high degree of probable cause that evidence, contraband or any other item that may jeopardize the health and safety of the arrested person and/or those who come into contact with the arrested person may be secreted in a body cavity of the arrested person, a search warrant shall be sought. **This applies even when an item may be viewed partially protruding from the body cavity.** If the arrested person personally extracts any items from their own body cavity, no such warrant will be necessary

3. The Duty Supervisor, or his designee, shall make application for the warrant in accordance with established Department procedures (See Special Order 95-5).

4. Only a judge may issue such a warrant.

5. Only a qualified medical professional, pursuant to a warrant, may conduct an intrusion of a body cavity, or extract any items from the body cavity. After the warrant is issued, the arrested person shall be transported to a medical facility so that a qualified medical professional may extract any items from the body cavity. The Duty Supervisor shall ensure that the arrested person is constantly monitored during this trip to the medical facility until such time that the **"body cavity search"** is completed.

6. The "**body cavity search**" shall be recorded on the incident report, including the name of the physician conducting the search, the name of the officer seizing the evidence or property, the name of the authorizing Duty Supervisor, and the facts contributing to the **high degree of probable cause**. The arrested person shall then be transported back to the station where the evidence or property discovered shall be seized, recorded and secured in the normal manner, and recorded on the incident report as well as on the booking sheet.

Note: Although not considered a "**body cavity search**," in the event that an arrested person creates an exigent circumstance by endangering their own health by swallowing an item, the arrested person shall be immediately transported to a medical facility for treatment as determined solely by medical personnel. The Duty Supervisor shall ensure that the arrested person is constantly monitored during this trip to the medical facility until such time that the treatment is completed. Any evidence or property recovered by medical personnel pursuant to a warrant and/or turned over to the Department shall be seized, recorded and secured in the normal manner, and recorded on the incident report, as well as on the booking sheet. A search warrant is not necessary in those cases where medical personnel perform an operation necessitated by good medical practice, for medical reasons only and only incidentally results in the recovery of evidence for police use.