UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____  )
                                )
MARIO LACY,                     )
    Plaintiff                   )
                                )
                                )   CIVIL ACTION
v.                              )   NO. 04-11492-REK
                                )
                                )
WILLIAM J. FEENEY, JR., KENNETH )
HEARNS, JEAN MOSES ACLOQUE, and )
THE CITY OF BOSTON,             )
    Defendants                  )
_____  )

**Memorandum and Order**
March 13, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

(1) Plaintiff Mario Lacy's Motion for Summary Judgment and Incorporated Memorandum of Law (Docket No. 33, filed February 23, 2006).

**II. Factual Background and Procedural History**

This is an action brought pursuant to 42 U.S.C. § 1983 (1996). The plaintiff, Mario Lacy, initially alleged that, on July 14, 2001, Kenneth Hearns and Juan J Seoane, both Boston Police officers, approached him because they believed that the plaintiff had drugs on his person. (Docket No. 1 at 2.) With the authority of their supervisor, Sergeant Detective William J. Feeney, the plaintiff alleges that the two officers conducted an anal cavity search of him in violation of the Fourth and Fourteenth Amendments as well as in violation of Mass. Gen. L. ch.

12 § 11.  (Docket No. 1.)

On June 30, 2004, the plaintiff filed suit against Feeney, Hearns, Seoane, and the City of Boston.  (Id.)  The plaintiff brought three counts against the defendants: (i) violation of 42 U.S.C. § 1983 by all of the defendant police officers; (ii) violation of Mass. Gen. L. ch. 12 § 11 by Hearns and Seoane; and (iii) violation of 42 U.S.C. § 1983 by the City of Boston.  (Docket No.1.)  The plaintiff requests that this court award him: (i) compensatory damages; (ii) punitive damages; (iii) costs, including reasonable attorneys' fees; and (iv) such other and further relief as this court may deem necessary and appropriate.  (Id.)  The plaintiff also requests a jury trial.  (Id.)

On September 22, 2004, all of the defendants filed their answers to the plaintiff's complaint.  (Docket Nos. 8-11.)  The City of Boston's answer raised nine affirmative defenses (Docket No. 8), Feeney's answer raised eight (Docket No. 9), and Seoane's and Hearns's answers each raised ten (Docket Nos. 10, 11).  All of the defendants request a jury trial.  (Docket Nos. 8-11.)

On May 11, 2005, the plaintiff filed Plaintiff Mario Lacy's Motion to Amend Complaint by Dismissing Juan J Seoane As a Defendant and Adding Jean Aclogue As a Defendant and Proposed Amended Complaint.  (Docket No. 21.)  On October 12, 2005, I granted the plaintiff's motion to amend.  On October 19, 2005, the plaintiff filed its amended complaint, naming "Marc Acloque" in the caption and "Mosses Acloque" in the text of the complaint, as the new defendant.  (Docket No. 25.)  On October 31, 2005, the parties filed Joint Motion to Extend Deadlines and to Continue Date of Trial Due to Recent Amendment of Complaint to Add Additional Party.  (Docket No. 26.)  Within this motion, the parties moved this court to extend the deadlines for (i) fact discovery to December 31, 2005; and (ii) dispositive motions to January

31, 2006, and to schedule a pretrial conference in February, 2006.  (Id.)  I granted the parties' motion on November 9, 2005.

On November 18, 2005, the newly added defendant, Jean Moses Acloque, filed Defendant Acloque's Assented-To Motion to Enlarge Time to File Responsive Pleadings Pursuant to Fed.R.Civ.P. 6(B).  (Docket No. 27.)  Within this motion, Acloque also acknowledged that the names, "Marc Acloque" and "Mosses Acloque" were misnomers and conceded that he was the individual referenced in the amended complaint.  (See id. at 1 n.1.)  On November 21, 2005, the City of Boston, Feeney, and Hearns filed their answers to the plaintiff's amended complaint, raising the same affirmative defenses that they raised in their original answers, and requesting a jury trial.  (Docket Nos. 28-30.)  On November 30, 2005, Acloque filed his answer to the amended complaint and raised eight affirmative defenses.  (Docket No. 31.)  All of the defendants request a jury trial.  (Docket Nos. 28-31.)  On February 23, 2006, the plaintiff filed Plaintiff Mario Lacy's Motion for Summary Judgment and Incorporated Memorandum of Law. (Docket No. 33.)  On February 27, 2006, the defendants filed Defendants Feeney, Hearns, Acloque and City of Boston's Motion in Opposition to Plaintiff's Summary Judgment.  (Docket No. 35.)

### III. Analysis

**A. Caption of Case**

As a preliminary matter, the proper caption of this civil action will be as it appears at the top of this Memorandum and Order with the name "Jean Moses Acloque" replacing "Jean Acloque" or "Marc Acloque" as a defendant.  The plaintiff and the defendants refer to Jean Moses

3

Acloque as "Jean Acloque" or "Marc Acloque" respectively in the captions of their pleadings, but in his filing on November 18, 2005, Acloque referred to himself as "Jean Moses Acloque" (Docket No. 27 at 1). Therefore, this court and the parties will refer to Acloque as such. From this point forward, the parties should submit all of their filings in this civil action with the caption that appears in this Memorandum and Order.

**B. Plaintiff's Motion for Summary Judgment**

The plaintiff filed his summary judgment motion after the deadline for dispositive motions in this case without requesting leave to file. The defendants argue that the plaintiff's motion should be dismissed because (i) the deadline to file summary judgment motions was January 31, 2006; (ii) the plaintiff's counsel did not indicate at the last pretrial conference on February 8, 2006, that he intended to file a motion for summary judgment; (iii) the plaintiff did not seek leave from this court to file late; and (iv) the motion was filed on the eve of trial, which is set for April 17, 2006. (Docket No. 35.) Alternatively, the defendant requests additional time to respond substantively to the plaintiff's motion if the court reaches the merits of the plaintiff's motion. I find that because the plaintiff did not request leave to file, his motion is improperly before me. I therefore dismiss his motion for summary judgment.

Rule 16(b) of the Federal Rules of Civil Procedure governs pretrial conferences and schedule management. Fed. R. Civ. P. 16. Under Rule 16, after receiving the parties' proposed discovery or scheduling plan, or after consulting with the attorneys for the parties, the district judge may enter a scheduling order that, among other things, limits the time to file motions. Fed. R. Civ. P. 16(b). Rule 16(b) allows modification of the scheduling order only for "good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). In this case, the parties

4

decided, and I approved and ordered, that the deadline for filing dispositive motions would be January 31, 2006. The plaintiff knew of this deadline, and despite this knowledge, filed his summary judgment motion twenty-three days after the deadline, without requesting leave of this court to do so. The plaintiff's motion is thus improperly before me, and I dismiss his motion.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff Mario Lacy's Motion for Summary Judgment and Incorporated Memorandum of Law (Docket No. 33) is DISMISSED.

      _____/s/Robert E. Keeton\_\_\_
      Robert E. Keeton
      United States Senior District Judge