**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

## DEFENDANTS' REQUESTS FOR JURY INSTRUCTIONS.

Now come the Defendants in the above-captioned action, William Feeney, Kenneth Hearns, Jean Moses Acloque and City of Boston ("Defendants"), and respectfully submit the following requests for instructions to the jury. The Defendants further reserve their right to supplement, modify or make deletions from the attached jury instructions as may become appropriate during the course of trial. The Defendants will submit such requests seasonably in advance of the Court's charge. The Defendants also state that these proposed jury instructions are being submitted without waiving, and without prejudice to, any Motion for Judgment as a Matter of Law.

Respectfully Submitted,
DEFENDANTS, WILLIAM FEENEY, KENNETH HEARNS, MOSES ACLOQUE and CITY OF BOSTON,

By their attorneys:


/s/ Karen A. Glasgow
_____
Karen A. Glasgow, BBO # 648688
James M. Chernetsky, BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238 (KAG)
(617) 635-4048 (JMC)

## REQUEST NO. 1
### Burden of Proof (§ 1983)

In a Section 1983 civil rights action, such as this one, the burden of proof is on the plaintiff to "prove by a preponderance of the evidence that he or she was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9,14 (1st. Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879 (1991)); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996). In the present case, the Plaintiff must prove by a preponderance of the evidence that the Defendants searched him in violation of his Fourth Amendment rights. If the evidence is equally balanced as to any of the essential elements of the Plaintiff's claims, then you must find for the Defendants. Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969).

## REQUEST NO. 2
### Constitutional Violation (§ 1983)

In any case brought under § 1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991); Baker v. McCollan, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". Polk County v. Dodson, 454 U.S. 312, 326 (1981).

## REQUEST NO. 3
### Constitutional Violation (§ 1983)

Not every tort allegedly committed by a public employee rises to the level of a Constitutional violation.  <u>Martinez v. California</u>, 444 U.S. 277, 281 (1980); <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981); <u>Baker v. McCollan</u>, 443 U.S. 137, 146 (1979); <u>Furtado v. Bishop</u>, 604 F.2d 80, 95 (1st Cir. 1979).

**REQUEST NO. 4**
**Probable Cause**

Probable cause exists when "given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described". U.S. v. Moore, 790 F.2d 13, 15 (1st Cir 1986) quoting United States v. White, 766 F.2d 22, 25 (1st Cir.1985).

## REQUEST NO. 5
### Probable Cause

You must judge the constitutionality of the Defendants' conduct in light of the information available to them at the time that they acted. Omniscience is not the presumed mindset of an objectively reasonable police officer. Maryland v. Garrison, 480 U.S. 79, 85 (1987). See also Hegarty v. Somerset County, 53 F.3d 1367, 1373-74 (1st Cir. 1995), cert. denied 116 S.Ct. 675 (1995).

## REQUEST NO. 6
### Probable Cause

"Probable cause exists where the facts and circumstances in the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient to warrant a [person] of reasonable caution in believing that an offense has been or is being committed." U.S. v. Klein, 522 F.2d 296, 299 (1st Cir. 1975).

**REQUEST NO. 7**
**Search Definitions**

A strip search occurs when police command an indivudal to remove the last layer of his or her clothing.  Commonwealth. v. Prophete**,** 443 Mass. 548, 557 (2005).

Case 1:04-cv-11492-WGY    Document 40    Filed 04/06/2006    Page 9 of 20

**REQUEST NO. 8**
**Authority for search (Federal)**

A strip and visual body cavity search of an arrestee must be justified, at the least, by a reasonable suspicion.  Swain v. Spinney**,** 117 F.3d 1,5 (1st Cir.1997)

### REQUEST NO. 9
### Authority for search (State)

A strip search requires that police possess probable cause before conducting one. A "pat-down" search, however, requires police to have only a reasonable suspicion before conducting one. <u>Commonwealth v. Thomas</u>, 429 Mass. 403, 408 (1999).

**REQUEST NO. 10**
**Lawfulness of a Strip Search**

The lawfulness of a strip search depends on whether the circumstances reasonably justify the invasion of privacy.  In assessing the question of reasonablness, a court must assess the totality of the circumstances including the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it and the place in which it is conducted.  The inquiry is of a practical nature calling for a sensible assessment of the circumstance.  A well-justiifed concern for the safety of police officers can of course furnish important justification. United States v. Cofield, 391 F.3d 334, 336 (1st Cir. 2004).

One of the considerations in considering the reasonableness of a strip search is that it is common knowledge that controlled substances often are concealed on the person of users and dealers alike. Id., at 336, n. 1 citing Burns v Loranger, 907 F.2d 233, 238-239 (1st Cir. 1990)

In assessing the manner in which a strip search was conducted, considerations include: whether it was conducted in a professional manner with no more intrusion than was necessary to accomplish the proper law enforcement purpose.  Unprofessional or overly-intrusive conduct would include forcing the suspect to assume humiliating poses, exposure of the suspect in an unnecessarily public place or to members of the opposite sex,  exposure for unreasonable durations, or subjecting the suspect to degradation or ridicule.  United States v. Cofield, 391 F.3d at 337-338.

**REQUEST NO. 11**
**Proximate Cause**

For the Defendants to be liable for damages, the Plaintiff has the burden of proving by a preponderance of the evidence that whatever injury he suffered was proximately caused by the conduct of the Defendants.  That is, you cannot find that the Defendants violated the Plaintiff's constitutional rights unless you find that there is a sufficient causal connection between the Defendants' acts and the Plaintiff's alleged injury.  To determine whether there is proximate cause, you must determine whether there is an affirmative link between the Defendants' acts and the alleged injury.  Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983);  Rizzo v. Goode, 423 U.S. 362, 371 (1976).

**REQUEST NO. 12**
**Constitutional Violation - MCRA**

The Massachusetts Civil Rights Act, M.G.L. c.12, §11I and 42 U.S.C. §1983 are parallel statutes. Thus, the analysis for MCRA is similar to §1983 analysis. A person states a claim under §11I upon showing: (1) threats, intimidation or coercion that (2) lead to violation of a federal or Commonwealth constitutional right or statutory provision. Like §1983, MCRA requires an actual deprivation of constitutional rights. Therrien v. Hamilton, 849 F.Supp. 110, 115 (D. Mass. 1994); Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 246 (1st Cir. 1994); Biggins v. Hazen Paper Co., 953 F.2d 1405, 1425 (1st. Cir 1992), cert. denied 505 U.S. 1222 (1992).

**REQUEST NO. 13**
**Constitutional Violation - MCRA - Elements**

The elements or standards that are needed to prove a violation of federal law are the same under the Massachusetts civil rights law. However, under the Massachusetts civil rights law the Plaintiff has one additional element she must prove. It's the same civil rights that are at issue, but the alleged denial of the Plaintiff's civil rights by the Defendants has to be accomplished by threats, coercion, or intimidation. A threat simply means saying or gesturing, in effect, if you don't do this, then something will happen to you. Coercion is making someone do something they are unwilling to do. Intimidation is scaring them into doing something or refraining from doing something that otherwise they would do. If you find threats, coercion, or intimidation, by physical confrontation or contact, and then find as a natural consequence of the threats, coercion and intimidation that the Plaintiff was deprived of any of the civil rights I've talked about, then he has proved a violation of the Massachusetts civil rights statute. See Bell v. Mazza, 394 Mass. 176 (1985); Murphy v. Town of Duxbury, 40 Mass. App. Ct. 513, 518 (1996); Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass 467, 476, n.9 (1994)

**REQUEST NO. 14**
**Constitutional Violation – MCRA - Elements**

Not every violation of law is a violation of the State Civil Rights Act.  A direct violation of person's rights does not by itself involve threats, intimidation, or coercion and thus, does not implicate the Act.  Conduct, even unlawful conduct, does not invoke the Act when all it does is take someone's rights away directly.  Only if the direct action also included threats, intimidation or coercion of a particular individual or individuals may liability under MCRA be established, if such threats, intimidation or coercion interfered with that individual's exercise or enjoyment of rights secured by law.  Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 473 (1994); Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781 (1987); Layne v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 406 Mass. 156, 158 (1989).

**REQUEST NO. 15**
**Constitutional Violation (§ 1983) - Supervisory Liability**

A supervisor may be held liable for the foreseeable consequences of the conduct of the other police officers that day only if "he would have known of it but for his deliberate indifference or willful blindness." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).

To prove deliberate indifference as a supervisor, the Plaintiff must show that 1) there was a grave risk of harm, 2) the supervisor had actual or constructive knowledge of that risk; and 3) he failed to take easily available measures to address the risk. Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998).

**REQUEST NO. 16**
**Constitutional Violation (§ 1983) - Supervisory Liability**

In addition to the Plaintiff showing deliberate indifference, the Plaintiff must also affirmatively connect his conduct to his subordinate's violative act or omission." <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 582 (1st Cir. 1994).

**REQUEST NO. 17**
**Nature of Municipal Liability (§ 1983)**

A plaintiff seeking to impose liability on a municipality under Section 1983 must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. Of County of Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

To be attributable to a municipality, a custom "must be so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir.1989). The custom must be the "moving force behind the deprivation of constitutional rights." Id.

**REQUEST NO. 18**
**Nature of Municipal Liability, Failure to Train (§ 1983)**

"The liability criteria for 'failure to train' claims are exceptionally stringent." Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir.1998). "[T]he inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

To establish the City's deliberate indifference, the Plaintiff must present evidence that (1) the City knew when it hired the Defendant officer(s) that the risk of Fourth Amendment violations arising in the conduct of searches was 'so obvious' that its failure to train the officer(s) therein likely would result in continued violations; *or* (2) even though the initial risk of recurring constitutional violations was not so obvious, the City subsequently learned of a serious recurrence, yet took no action to provide the necessary training." See Hayden, 134 F.3d at 456 (citing City of Canton, 489 U.S. at 390 n. 10, 109 S.Ct. 1197). The failure to train also must be the "moving force behind the constitutional violation." Bordanaro v. McLeod, 871 F.2d 1151, 1162 (1st Cir.1989).