UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11492-REK

MARIO LACY,
    Plaintiff.

v.

WILLIAM J. FEENEY, JR., KENNETH HEARNS, JEAN MOSES ACLOQUE and THE CITY OF BOSTON,
    Defendants.

## DEFENDANTS' PRE-TRIAL MEMORANDUM

1. SUMMARY OF THE EXPECTED EVIDENCE

    Defendants William Feeney ("Sgt. Det. Feeney"), Kenneth Hearns ("Officer Hearns"), Jean Moses Acloque ("Detective Acloque") and City of Boston ("City") expect to present the following evidence at trial of this matter:

    On the afternoon of Saturday, July 14, 2001, members of the City of Boston Police Department's Drug Control Unit ("DCU"), including the individual defendants, had probable cause to arrest Plaintiff Mario Lacy for the sale of controlled substances. On that date, officers of the DCU were investigating illicit drug activity in the location of the so-called Dudley Triangle, in Roxbury, Massachusetts. Sgt. Det. Feeney was the DCU's supervisor that afternoon. At approximately 5:30 p.m., Detective Acloque received a phone call from a confidential informant. In that phone call, the informant told Detective Acloque that the Plaintiff, Mario Lacy, was in the location of the Dudley Triangle selling heroin. Lacy was known to several DCU officers as both a drug dealer and drug user.

    Detective Acloque subsequently had the confidential informant make a purchase of heroin from the Plaintiff. In connection with this transaction, the Plaintiff was observed approaching a dumpster in the parking lot behind the Citizen's Bank in Dudley Square. At that dumpster, the Plaintiff was observed going headfirst into the dumpster and appeared to retrieve something which could not be seen by the officers. He was also observed fiddling with the

waistband of his pants.  From there the Plaintiff returned to the confidential informant and gave him two packets of heroin.   This heroin was given to Detective Acloque.  The officers continued to conduct surveillance of the Plaintiff.   Soon thereafter, a black female wearing yellow clothing approached the Plaintiff.   She was observed giving money to the Plaintiff, who then returned to the dumpster. He was again observed going into the dumpster, appeared to retrieve something from inside of the dumpster, and returned to Marvin Street heading in the direction of the black female.

　　　　The evidence will show that as Officers John Broderick and Juan Seoane drove on Marvin Street  for the purpose of contacting the Plaintiff, he was observed turning away from them briefly.  Officers Seoane and Broderick exited their vehicle and approached Lacy.  Lacy was combative and told the officers that he had a needle in his possession.  Lacy's bag was searched and Officer Seoane attempted to conduct a pat down search of him.    However, Lacy made numerous attempts to evade his touch and to prevent Seoane from patting him down in the area of his buttocks.   Observing Lacy's behavior from his position at the dumpster, Officer Hearns then approached Officer Seoane to assist with the search.

　　　　Officer Hearns will testify that Lacy's behavior was similar to that of a recent arrestee who, during a search incident to arrest, managed to keep a handgun concealed in the area of his genitals.  The evidence will show that Lacy appeared to the officers as if he were going to voluntarily produce contraband he had on his person.   As this took place, the black female whom the officers had observed giving money to Lacy approached him (apparently unaware that the officers were law enforcement) and demanded a return of her cash or the drugs she expected.

　　　　Officer Broderick next retrieved evidence bags from the trunk of his car for the purpose of storing whatever the Plaintiff appeared to be about to  voluntarily produce.   When the Plaintiff did not in fact produce anything voluntarily, Officer Hearns received permission from Sgt. Detective Feeney to search the Plaintiff.   Officer Hearns asked if any officers present had gloves.  There were no gloves, and Officer Broderick handed the evidence bags to Officer Hearns.   At this time Sgt. Det. Feeney, Detective Acloque and Officer Broderick formed a semi circle around the Plaintiff and Hearns, to protect the Plaintiff's privacy.   Hearns pulled away from Lacy's body the waistband of Lacy's sweatpants and boxer shorts and made a visual inspection of that area.  The Plaintiff became upset when Hearns inadvertently allowed the waistbands to snap back against the Plaintiff's body.   The evidence will show that at no time

2

did Officer Hearns lower the Plaintiff's pants or underwear, place his hands into the Plaintiff's underwear, or perform an anal cavity search.  Nor did any police officer strike or choke the Plaintiff.  Officer Hearn's visual inspection did not detect contraband.  The Plaintiff was released.  At the conclusion of the encounter, the Plaintiff was joking with the officers and did not complain of any of the conduct described in the Complaint.  The Plaintiff was walked to the end of Marvin Street back to Washington Street by one of the officers.  The officers then left the area to continue with their duties.

2.   AGREED UPON FACTS

   1.  The Plaintiff was searched by Defendant Hearns.
   2.  The officers involved in the search of the Plaintiff believed they had probable cause to arrest plaintiff at the time of the search.
   3.  This search of the Plaintiff was not documented in a police report.
   4.  The Plaintiff went to Boston Medical Center after the incident.
   5.  The BPD's Sexual Assault Unit investigated the incident.
   6.  As part of its investigation, the BPD's Sexual Assault Unit collected evidence bags.
   7.  The Boston Police Department requires anal cavity searches to be conducted pursuant to a warrant and by a doctor.

3.   CONTESTED FACTS

   The nature of the Defendant police officers' interaction with the Plaintiff (including the scope of their search of him) is disputed.  The Plaintiff's damages are disputed.

4.   JURISDICTIONAL QUESTIONS

   None.

5.   QUESTIONS RAISED BY PENDING MOTIONS

   There are no motions currently pending.

   The Defendants anticipate the following Motions in Limine:

1. Motion to exclude reference to internal affairs complaints against any defendant police officers;
2. Motion to bifurcate trial of claims against individual defendants from claims against the municipal defendant;
3. Motion to preclude testimony or evidence concerning events described in the Complaint brought in <u>Ivan Santiago v. City of Boston et al</u>., U.S.D.C. Docket No. 04-10746 JLT;
4. Motion to preclude evidence and testimony concerning Boston Police Department strip search policies not in effect on July 14, 2001; and,
5. Motion to redact from Plaintiff's medical records any statements referencing liability or the Plaintiff's description of contested facts.

6. <u>ISSUES OF LAW</u>

   1. Whether the defendant police officers are entitled to qualified immunity from suit;
   2. Whether the police officers, including the defendants, had probable cause to arrest the plaintiff;
   3. Whether the defendant officers' conduct in searching the Plaintiff violated the plaintiff's Fourth Amendment rights;
   4. Whether the defendant officers' conduct in searching the Plaintiff violated the Massachusetts Civil Rights Act;
   5. Whether Defendant Feeney's conduct was sufficiently indifferent to the federal constitutional rights of the plaintiff, and affirmatively linked to any misconduct of subordinate officers, such as would support supervisory liability pursuant to 42 U.S.C. Section 1983; and,
   6. Whether a municipal policy or custom caused a violation of the Plaintiff's constitutional rights; and,
   7. Whether a failure to train the defendant officers concerning conduct of searches amounted to deliberate indifference to the rights of persons with whom the police come into contact.

7. <u>REQUESTED AMENDMENTS TO THE PLEADINGS</u>

   There are no requested amendments to the pleadings at this time.

8. <u>ADDITIONAL MATTERS IN AID OF DISPOSITION</u>

   Defendants will move in limine that this honorable court bifurcate the trial of the claims against the individuals from the claims against the municipality.

9. <u>PROBABLE LENGTH OF TRIAL</u>

   The parties estimate that the trial will require at least one week (presuming a 9:00 a.m. to 1:00 p.m. schedule).

10. <u>NAMES AND ADDRESSES OF DEFENDANTS' WITNESSES</u>

    Sgt. Detective William Feeney
    Boston Police Department
    1 Schroeder Plaza
    Boston, MA 02120
    617-343-4500

    Officer Kenneth Hearns
    Boston Police Department
    1 Schroeder Plaza
    Boston, MA 02120
    617-343-4500

    Detective Jean Moses Acloque
    Boston Police Department
    1 Schroeder Plaza
    Boston, MA 02120
    617-343-4500

    Officer John Broderick
    Boston Police Department
    1 Schroeder Plaza
    Boston, MA 02120
    617-343-4500

>Officer Paul Quinn
>Boston Police Department
>1 Schroeder Plaza
>Boston, MA 02120
>617-343-4500
>
>Sgt. Detective Lorraine Henshaw
>Boston Police Department
>1 Schroeder Plaza
>Boston, MA 02120
>617-343-4500

Defendants reserve the right to call additional witnesses for purposes of rebuttal, to call any of the witnesses listed herein by the Plaintiff in their case in chief, and to make timely supplements to this listing.

11.     DEFENDANTS' PROPOSED EXHIBITS

>1.     Photographs of scene taken by Sexual Assault Unit on July 14, 2001;
>2.     Chalk of scene created by the Sexual Assault Unit.

Defendants reserve the right to make a timely supplement to this list.

12.     OBJECTIONS TO EVIDENCE

The Defendants have not seen the Plaintiff's proposed exhibits to date, and reserve the right to supplement this answer when they have.

                                                  Respectfully Submitted,
                                                  DEFENDANTS, WILLIAM J. FEENEY,
                                                  KENNETH HEARNS,  MOSES ACLOQUE
                                                  AND THE CITY OF BOSTON

                                                  William F. Sinnott
                                                  Corporation Counsel

                                                  By their attorney:


                                                  /s/ James M. Chernetsky


                                                  _____
                                                  James M. Chernetsky – BBO # 638152
                                                  Karen A. Glasgow – BBO # 648688
                                                  Assistant Corporation Counsel
                                                  City of Boston Law Department
                                                  Room 615, City Hall
                                                  Boston, MA 02201
Dated: April 6, 2006                        (617) 635-4034