UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LACY,       )<br>     Plaintiff,       )<br>                  )<br>v.                )<br>                  )<br>WILLIAM J. FEENEY, KENNETH )<br>HEARNS, JEAN MOSES        )<br>ACLOQUE,                   )<br>and the CITY OF BOSTON,    )<br>     Defendants.            )<br>                  ) | C.A No. 04-11492-REK |

### PLAINTIFF'S PRE-TRIAL MEMORANDUM

The plaintiff Mario Lacy respectfully submits the following Pre-Trial Memorandum, pursuant to this Court's procedural order.

1. SUMMARY OF THE EVIDENCE

Plaintiff will offer the following evidence at trial:

On July 14, 2001 defendants subjected plaintiff to an illegal strip search and an illegal cavity search in a public alley on Marvin Street in Roxbury. Under the supervision of Defendant William J. Feeney, Jr. ("Feeney"), Defendant Kenneth Hearns ("Hearns") of the Boston Police Department Drug Control Unit, believing the plaintiff to have drugs on his person, first frisked plaintiff and then searched his clothes. Although Defendant Hearns found nothing, the officers still believed that the plaintiff had drugs hidden on his person. Standing behind him, Hearns pulled plaintiff's underwear down, felt his gonads, and then stuck his finger in plaintiff's anus, while Defendant Jean Moses Acloque ("Acloque") held the plaintiff from the front, facing him. Plaintiff struggled and attempted to force Hearns to remove his finger. Defendant Acloque then turned plaintiff around, and defendant Hearns smacked plaintiff in the face, using excessive and unreasonable force. Hearns then repeated the anal cavity search.

While defendant Hearns denies conducting a cavity search, he admits to conducting a strip search. He further admits to using an evidence bag over his hand while conducting that search. While defendants admit to conducting a strip search, they failed to document any search in any report.

Plaintiff immediately went to Boston Medical Center where a rape kit was performed. The hospital contacted the police, and the Sexual Assault Unit of the Boston Police Department investigated the incident. During the course of the investigation, evidence bags were seized from the vicinity of the search. These bags were tested, and fecal matter was found to be present. The plaintiff's evidence will further show that the City of Boston had a custom of tolerating illegal strip and cavity searches during drug investigations.

2. AGREED UPON FACTS

   (a) Plaintiff Mario Lacy was in the location of the so-called Dudley Triangle, in Roxbury Massachusetts, on the afternoon of July 14, 2001.

   (b) The Defendant police officers, along with other police officers, were conducting surveillance in the Dudley Triangle Area on that afternoon.

   (c) The Defendant police officers conducted surveillance of the Plaintiff and subsequently stopped and searched him.

   (d) The officers involved in the search believed they had probable cause to arrest plaintiff at the time of the search.

   (e) This strip search was not documented in a police report, or in any other report.

   (f) Plaintiff went to Boston Medical Center after the incident.

   (g) As part of an investigation, evidence bags were collected by the Sexual Assault Unit.

   (h) The Boston Police Department requires anal cavity searches to be conducted pursuant to a warrant and by a doctor.

3. <u>CONTESTED FACTS</u>

The nature of the interaction between the defendant police officers and plaintiff.

4. <u>JURISDICTIONAL QUESTIONS</u>

None.

5. <u>QUESTIONS RAISED BY PENDING MOTIONS</u>

There is a Supplemental Motion to File Plaintiff's Motion for Summary Judgment Late currently pending.

The plaintiff will file the following motions in limine and pre-trial motions:

a) Motion to Sequester Witnesses

b) Motion in Opposition to Defendants' Motion to Bifurcate

c) Motion to preclude evidence regarding prior convictions and/or arrests not involving defendant police officers

d) Motion to preclude evidence regarding the findings of the BPD internal affairs investigation

e) Motion to admit lab report which found fecal matter on evidence bags

6. <u>ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS</u>

<u>Issues of law:</u>

a) Whether plaintiff's Fourth Amendment Rights were violated by the strip search, anal cavity search, and unreasonable use of force.

b) Whether a custom of tolerating illegal strip searches during drug investigations without a warrant led to this violation.

<u>Evidentiary issues:</u>

Defendants will assert, even though they ordered the test, that the results of the laboratory testing revealing fecal matter on the evidence bags are inadmissible. Plaintiff's position is that Defendants agreed not to contest the admissibility of the lab report. Plaintiff will argue that the report is highly relevant and admissible.

7. <u>REQUESTED AMENDMENTS TO THE PLEADINGS</u>

   There are no requested amendments to the pleadings at this time.

8. <u>ADDITIONAL MATTERS IN AID OF DISPOSITION</u>

   None

9. <u>PROBABLE LENGTH OF TRIAL</u>

   Approximately one week (5 days).

10. <u>WITNESSES PLAINTIFF INTENDS TO CALL AT TRIAL</u>

    1. The parties to this action

    2. John R. O'Malley, Internal Affairs Division, Boston Police Department

    3. Lorraine Henshaw, Sexual Assault Unit, Boston Police Department

    4. Gina Samuels

    5. Officer John Broderick

    6. Officer Juan Seoane

    7. Officer Paul Quinn

    8. Officer William Shaw

    9. Officer Clifton Haynes

    10. Officer Francis Armstrong

    11. Joseph Valaro, Crime Lab

    12. Amy Kraatz, Crime Lab

Plaintiff reserves the right to call any witness on the Defendants' witness list.

11. <u>PLAINTIFF'S PROPOSED EXHIBITS</u>

    (a)   Medical Records of the Plaintiff's treatment at Boston Medical Center

    (b)   Laboratory Report from SERI Lab

    (c)   Evidence Bags collected from scene

    (d)    Photographs of Mario Lacy after the incident

    (e)    Photographs of the scene

Plaintiff may also rely upon Defendants' proposed exhibits, and reserves the right to make a timely supplement to this list.

    Respectfully Submitted,
The Plaintiff, Mario Lacy
By his attorneys,

//s// Jessica D. Hedges
Stephen Hrones
BBO # 242860
Jessica Hedges
BBO # 645847
HRONES, GARRITY & HEDGES
Lewis Wharf, Bay 232
Boston, MA  02110 – 3927
(617) 227 – 4019

**CERTIFICATE OF SERVICE**

I, Jessica D. Hedges, hereby certify that, on this the 7th day of April, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

//s// Jessica D. Hedges
Jessica D. Hedges