UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LACY,        )<br>    Plaintiff,       )<br>                    )<br>v.                  )<br>                    )<br>                    )<br>WILLIAM J. FEENEY, KENNETH )<br>HEARNS, JEAN MOSES  )<br>ACLOQUE,            )<br>and the CITY OF BOSTON, )<br>    Defendants.      )<br>                    ) | C.A No. 04-11492-REK |

**PLAINTIFF'S MOTION IN LIMINE TO ADMIT
SEROLOGICAL RESEARCH INSTITUTE REPORT**

Now comes the Plaintiff, Mario Lacy, and hereby moves this Court, in limine, to admit the Serological Research Institute report generated at the request of the Boston Police Crime Lab, which found feces on an evidence bag used by Defendant Hearns to search the Plaintiff. As grounds therefore, the Plaintiff submits the following memorandum of law.

**I.   THE REPORT QUALIFIES AS AN ADOPTIVE ADMISSION UNDER RULE 801 AND IS THUS NOT HEARSAY**

The Serological Research Institute report generated at the request of the City is not hearsay because it is an adoptive admission. Federal Rule of Evidence 801 provides that a statement is not hearsay if "[t]he statement is offered against a party and is…a statement of which the party has manifested an adoption or belief in its truth …" Fed R Evid. 801. The burden of showing the manifestation is on the party offering the evidence. Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 870 (1st Cir. 1997). Where documents in possession of the adverse party are sought to be admitted, courts

determine whether "the surrounding circumstances tie the possessor and the document together in some meaningful way." United States v. Paulino, 13 F.3d 20, 24 (1st Cir. 1994). Adoption or acquiescence may be manifested in any appropriate manner and the Advisory Committee recommends "generous treatment of this avenue to admissibility." See Fed. R. Evid. 801(d)(2), Advisory Committee Notes.

In the case at bar, the Plaintiff went to the Boston Medical Center immediately after the incident. Staff at the Boston Medical Center reported the sexual assault the Boston Police. As a result, investigators went to the scene and recovered evidence, including the plastic bag which Defendant Hearns used as a covering for his hand when he searched the Plaintiff. That bag was sent by Susan Flaherty of the Boston Police Crime Lab to the Serological Research Institute in California for testing. The examiner determined that the bag was stained with fecal matter. The results were then sent back to the Boston Crime Lab. The Defendants have never disputed the examiner's findings. Rather, the Department sent the results to the District Attorney's office in connection with the criminal investigation into the Plaintiff's claims. The Department also released the results to the media. See *New Evidence Could Show Police Search was Assault*, Francis Latour, Boston Globe, May 16, 2002, Page B3, Metro/Region section, ("Superintendent-in Chief James Hussey said he notified prosecutors of the test results in the case of Mario Lacy late Tuesday afternoon, immediately after learning of them.")

A similar issue was addressed in Schering Corp. v. Pfizer Inc., 189 F.3d 218, 238 (2d Cir. 1999), where the plaintiff in a false advertising case, Schering Corp., challenged the lower court's exclusion of a study commissioned by the defendant Pfizer, arguing that it qualified as an adoptive admission. The study at issue was conducted by a third party

and consisted of surveys with physicians inquiring whether Pfizer accurately marketed its products.  Id. at 239.  In overturning the ruling of the lower court, the court found that the commissioned study was admissible because Pfizer made subsequent statements indicating it accepted the report's critique of its marketing practices, thus manifesting a belief in its truth.  Id.

      Similarly in the case at bar, the City subsequently manifested a belief in the truth of the report because they never sent the bag for re-testing at another facility, which might have indicated that the City disputed the examiner's conclusion.  On the contrary, the City acted as if the findings of the examiner were true by releasing it to the media and sending it to the DA's office.  Just as in Pfizer, where the court admitted against the defendant a third-party study commissioned by the defendant, so too should this Court admit the Serological Research Institute report created at the request of the City.  See also Tracinda Corp. v. DaimlerChrysler AG, 362 F. Supp. 2d 487, 500 (D. Del. 2005) (document produced by independent public relations firm admissible against the defendant where defendant requested the document and then manifested its agreement with its contents by incorporating its conclusions into a subsequent document); Collins v. Wayne Corp., 621 F.2d 777, 781 (5th Cir. 1980) (deposition of independent expert retained by defendant to investigate bus accident admissible against defendant).

  **II.**    **THE REPORT IS ADMISSIBLE FOR THE NON-HEARSAY PURPOSE OF NOTICE, WHICH IS PROBATIVE OF THE PLAINTIFF'S MUNICIPAL LIABILITY CLAIM**

      Even if this Court believes the report is inadmissible under the hearsay rules, at the very least it is still admissible for the non-hearsay purpose of notice.  More specifically, this report put the City on notice of potential misconduct by its officers.

Notice of that misconduct, coupled with the subsequent failure to act, is probative of the Plaintiff's municipal liability claim premised on the City's ratification of its officers' constitutional violations.

                              Plaintiff Mario Lacy
                              By his attorneys,


                              //s// Jessica D. Hedges
                              Stephen B. Hrones
                              BBO # 242860
                              Jessica Hedges
                              BBO # 645847
                              Hrones, Garrity & Hedges
                              Lewis Wharf-Bay 232
                              Boston, MA 02110-3927
                              (617) 227-4019


## CERTIFICATE OF SERVICE

     I, Jessica D. Hedges, hereby certify that, on this the 12th day of April, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

                              //s// Jessica D. Hedges
                              Jessica D. Hedges