UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, JR.
KENNETH HEARNS, JEAN MOSES
ACLOQUE AND THE CITY OF
BOSTON
    Defendants.

**DEFENDANTS' MOTION TO BIFURCATE.**

NOW COME the Defendants in the above-entitled action, and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 42(b) ("Rule 42(b)") to issue an order that the Plaintiff's claims against the individual defendants be bifurcated from his claims against the municipality, the City of Boston, with the claims against the individual defendants to be tried first.

In support thereof, the Defendants state that bifurcation will further the interests enumerated in Rule 42(b), namely those of convenience, expedition, economy and avoidance of prejudice to the individual defendants.

    I. APPLICABLE STANDARD

A motion to bifurcate pursuant to Rule 42(b) is a matter peculiarly in the sound discretion of the trial court. <u>Gonzalez-Martin v. Equitable Life Assur. Soc'y</u>, 845 F.2d 1140, 1145 (1st Cir.1988). The rule provides, in relevant part that, "[t]he court, in furtherance of convenience or to avoid prejudice, or

when separate trials will be conducive to expedition and economy, may order a separate trial."  The Advisory Committee note to Rule 42(b) states that "[w]hile separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth."  For example, a separate trial may be appropriate to avoid prejudice or where a single issue could be dispositive of the entire case.  9 Wright & Miller, *Federal Practice & Procedure: Civ.2d,* § 2388 (1995) *See, e.g.*, <u>Chapman ex rel. Estate of Chapman v. Bernard's Inc.</u>, 167 F.Supp.2d 406, (D.Mass., 2001).

II.  THERE CAN BE NO MUNICIPAL LIABILITY IN THIS CASE ABSENT A FINDING OF AN UNDERLYING CONSITUTIONAL VIOLATION BY ONE OF THE INDIVIDUAL DEFENDANTS.

The Plaintiff's claim against the City of Boston, brought pursuant to 42 U.S.C. §1983, is that it "had a custom of tolerating illegal strip and cavity searches during drug investigations."  *Plaintiff's Pre-Trial Memorandum,* at p. 3.

A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.  <u>Monell v. New York Department of Social Services</u>*,* 436 U.S. 658, 694 (1978).  There must be a showing by the Plaintiff that the municipal action was taken with the requisite degree of culpability, and must demonstrate an affirmative, causal link

between the policy or custom of the municipality and the particular constitutional violation alleged. <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 404 (1997).

Inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. <u>Canton v. Harris</u>, 489 U.S. 378, 388 (1989). Only where a failure to train reflects a deliberate or conscious choice by a municipality can a city be liable for such a failure under Section 1983. <u>Id.</u>, at 389.

### III. THE RULE 42(B) INTERESTS OF JUDICIAL ECONOMY AND AVOIDANCE OF PREJUDICE ARE BEST SERVED BY BIFURCATION.

A prerequisite, then, to a finding of municipal liability in this case t is a finding that one of the individual defendants have engaged in conduct violative of the Plaintiff's constitutional rights. Should this Court or the jury determine that the search of the Plaintiff was not illegal, then the municipality cannot be liable.

Thus, the goals of convenience, expedition, and economy enumerated in Rule 42(b) are served by first addressing the threshold question of whether the individuals have engaged in any unconstitutional conduct, since resolution of that question in the individuals' favor would resolve the case. Presenting the jury only with evidence relating to individual liability would avoid the presentation of potentially unnecessary and confusing

3

evidence, would limit the number of issues, and would be an efficient use of resources.

Additionally, the presentation of evidence concerning Boston Police Department policies and training is unduly prejudicial to the individual defendants. Presentation of evidence of alleged municipal inadequacies may unfairly influence jury deliberations as to the individual claims. "Avoidance of prejudice," also enumerated as a goal of Rule 42(b), will be well-served by bifurcation, so that they jury may focus upon the question of individual liability without being prejudiced by testimony concerning municipal conduct.

WHEREFORE, the Defendants ask that in the interests of judicial economy and in an effort not to unfairly prejudice the defense of the individually named police officers, their Motion to Bifurcate be allowed.

Respectfully Submitted,

DEFENDANTS, WILLIAM J. FEENEY, JR., KENNETH HEARNS, MOSES ACLOQUE and THE CITY OF BOSTON,

By their attorneys:

/s/ James M. Chernetsky
_____
Karen A. Glasgow, BBO # 648688
James M. Chernetsky, BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238 (KAG)
(617) 635-4048 (JMC)

4