UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE "OTHER ACTS" EVIDENCE**

NOW COME the Defendants, William J Feeney, Jr, Kenneth Hearns, Jean Moses Acloque and the City of Boston ("Defendants") and hereby respectfully request that any testimonial reference to "other acts" of the Defendants and other witness police officers be excluded from the trial of this matter (including, during the Plaintiff's opening and closing statements).  Further, the Defendants request that the Court require Plaintiff's counsel to instruct his witnesses that they are not to make any reference to any such "other acts."

Specifically, the plaintiff should be precluded from questioning witnesses about or making reference to citizen complaints, internal affairs investigation (hereinafter "IAD investigations") and litigation arising from separate incidents.[1]

As grounds for this motion, the Defendants state that:

1.    Admission of the Defendants' "other acts" would violate Fed. R. Evid. 404(b) and 608(b);

---

[1] Specifically including, but not limited to, Santiago v. Feeney et al., U.S.D.C. (D.Mass) Docket No. 04-10746-JLT, which has not proceeded to judgment and remains pending before this Court., and in which Defendant Feeney is also a party Defendant.

  2. Evidence concerning such "other acts" is not relevant to the issues presented in this case;

  3. Any slight probative value that may exist is substantially outweighed by the danger of unfair prejudice to the Defendants; and,

  4. Admission of evidence concerning IAD investigations would violate Fed. R. Evid. 407.

  Evidence of other crimes, wrongs, or acts is not admissible to prove that a person acted in a similar fashion in the case at hand. See Fed. R. Evid. 404(b); Lataille v. Ponte, 754 F.2d 33, 35 (1st Cir. 1985); Udemba v. Nicoli, 237 F.3d 8, (1st Cir. 2001). Although logically relevant, propensity or bad character evidence carries an unacceptable risk that a jury will find liability for conduct other than the conduct at issue in the case before it, or that it will find liability, although uncertain of guilt, because a bad person deserves punishment. See Fed. R. Evid. 404(a) advisory committee note. However, evidence having "special relevance" may be admissible if the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. See Udemba v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001). Evidence has "special relevance" if it is admitted for a reason other than to show propensity, such as to prove motive, intent, modus operandi, accident or mistake. See Fed. R. Evid. 404(b); Lataille, 754 F.2d at 35.

  In this case, any "other acts" evidence pertaining to the Defendants does not have any "special relevance" to the disputed issues in this case. The Defendants have moved this Court pursuant to Fed.R.Civ.P. 42(b) to bifurcate the Plaintiff's claims against the individual defendants from those against the defendant municipality. "Other acts" evidence would not be relevant to the claims against the individual defendants. See Gutierrez-Rodriguez v. Cartagena,

882 F.2d 553, 572-74 (1st Cir. 1989); see also Bordanaro v. McLeod, 871 F.2d 1151, 1166 (1st Cir. 1989); see also Superchi v. Town of Athol, 170 F.R.D. 3, 5 (D. Mass. 1996) (prior citizen complaints against individual police officer alleging excessive force admitted with respect to the claims against the Town but not admissible with respect to the claims against the officer).

In addition, any attempt by the Plaintiff to argue that the Defendants' other acts have "special relevance" to this case must fail. The Plaintiff may argue that "other acts" evidence should be admitted so that the Plaintiff can prove a "pattern of conduct" or a motive or intent to strip search the Plaintiff. However, in this case, this evidence can only be construed to show that the Defendants acted in a certain way because they have acted that way on other occasions. "This is just the type of evidence Fed. R. Evid. 404(b) precludes." See Falk v. Clarke, No. 88C7293, 1990 WL 43581, *6 (N.D.Ill. Apr. 3, 1990) (evidence excluded where counsel contended that other acts evidence was being offered to show a pattern of activity but was in reality disguising the impermissible propensity purpose).

Further, Fed.R.Evid. 608(b) permits, on cross-examination, inquiry into specific instances of conduct of a witness for the purpose of attacking or supporting the witness' credibility, limited to those instances that are probative of truthfulness or untruthfulness. See id.; Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 933 (1st Cir. 1991). See Fed. R. Evid. 608(b). However, this Court "has considerable discretion to exclude avenues of cross-examination which promise to lead far afield from the main controversy." Tigges v. Cataldo, 611 F.2d 936, 939 (1st Cir. 1979).

The specific instances of conduct underlying the allegations in the Defendants' or other officers' citizen complaints and IAD investigations are not permissible topics for cross-examination in this case. Although there have been some previous complaints filed against some of the Defendants, they allege misconduct that is not probative of their character for truthfulness

or untruthfulness.  See Fed. R. Evid. 608(b); Sabir v. Jowett, 143 F. Supp. 2d 217 (D.Conn. 2001) (cross examination of detective about prior conduct which led to three administrative investigations, not all of which were sustained, by the state police were excluded because the detective's conduct did not relate to his truthfulness or untruthfulness).  Indeed, a mere unsubstantiated complaint is not probative of truthfulness.  See United States v. Davis, NO. CRIM.A.01-282, 2003 WL 1904038, *2 (E.D.La. Apr. 17, 2003).

  Moreover, even assuming *arguendo* that the Defendants' other acts have some slight "special relevance" or somehow go to the defendants' veracity, which the Defendants deny, such acts are nonetheless inadmissible because the probative value of admitting such evidence is substantially outweighed by the danger of unfair prejudice to the Defendants and will very likely confuse the issues and mislead the jury.  See Fed. R. Evid. 403, 404(b) and 806(b); See Superchi v. Town of Athol, 170 F.R.D. 3, 6 (D. Mass. 1996) (cross examination of officer regarding prior complaints against said officer was inadmissible because such evidence was "clearly" more prejudicial than probative).

  Moreover, whether the Defendants engaged in misconduct with respect to the Plaintiff's search is, of course, the overarching question in this case.  Admission of any prior acts evidence is very likely to affect the jury's consideration of virtually all issues in the case.

  Furthermore, in this case the evidence substantially consists of eyewitness testimony by the parties involved.  The parties' accounts of what happened differ greatly in one material respect.  Under these circumstances, evidence admitted tending to show the bad character of the Defendants may substantially and unfairly sway the jury's verdict.  In addition, limiting instructions cannot mitigate the effects of admitting such gravely prejudicial evidence.

Finally, the IAD investigations are inadmissible under Fed. R. Evid. 407. See <u>Hochen v. Bobst Group, Inc.</u>, 193 F.R.D. 22, 24 (D. Mass. 2000). Indeed, said investigations are necessary for the Boston Police Department to discover the cause of complaints and to prevent their reoccurrence.

WHEREFORE, the Defendants hereby move that an order be entered precluding the Plaintiff's counsel from referencing in any way, including during opening and closing statements, any "other acts" evidence pertaining to the Defendants or witness police officers and requiring the Plaintiff's counsel to instruct his witnesses not to make any such references during their testimony.

<div style="margin-left:50%">

Respectfully submitted,

DEFENDANTS, WILLIAM J FEENEY, JR., KENNETH HEARNS, JEAN MOSES ACLOQUE and THE CITY OF BOSTON,

By their attorneys:

  /s/ Karen A. Glasgow
Karen A. Glasgow, BBO # 648688
James M. Chernetsky, BBO # 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238

</div>

Dated: April 12, 2006