UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
MARIO LACY,                       )
    Plaintiff                    )
                                  )
                                  )  CIVIL ACTION
    v.                            )  NO. 04-11492-REK
                                  )
                                  )
WILLIAM J. FEENEY, JR.,           )
KENNETH HEARNS,                   )
JEAN MOSES ACLOQUE, and           )
THE CITY OF BOSTON,               )
    Defendants                   )
_____)


**Memorandum to Counsel**
**April 12, 2006**


      Attached to this Memorandum is a Draft Verdict form that I am sending to you for use in our consultations about an appropriate Verdict form in this case.


                           _____/s/Robert E. Keeton_____
                                   Robert E. Keeton
                         Senior United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                 )
MARIO LACY,                         )
     Plaintiff                        )
                                                 )     CIVIL ACTION
     v.                            )     NO. 04-11492-REK
                                                 )
                                                 )
WILLIAM J. FEENEY, JR.,       )
KENNETH HEARNS,              )
JEAN MOSES ACLOQUE, and   )
THE CITY OF BOSTON,          )
     Defendants                  )
_____)

**Verdict**
**Draft of April 12, 2006**

**Part A**

       (1) Did the defendant Hearns pull plaintiff's pants out so defendant Hearns could see plaintiff's naked buttocks?

                       _____YES    _____NO

       (2) Did the defendant Hearns place a finger inside plaintiff's buttocks?

                       _____YES    _____NO

**Part B**     Probable Cause

Plaintiff concedes that defendants had probable cause to strip search. [If this concession is withdrawn, use the following questions]:

(1) From the point of view of a reasonable and competent police officer, confronted with the circumstances that the defendants observed (including all their observations during the period when any defendant first observed Mario Lacy on July 14, 2001, continuing to the moment that Mario Lacy was stopped by defendants),

had any defendant observed or heard specific facts (which could be stated) that,

when taken together with rational inferences that could be drawn from those facts by a competent police officer in light of the experience of a competent police officer

reasonably warranted any defendant's strip search of the plaintiff?

    a.    Feeney    \_\_\_\_\_YES    \_\_\_\_\_NO

    b.    Hearns    \_\_\_\_\_YES    \_\_\_\_\_NO

    c.    Acloque    \_\_\_\_\_YES    \_\_\_\_\_NO

(2) If you answered NO to any part of Question 1(a) - (b) of Part B,

do you find that the defendant(s)' action(s) caused the plaintiff to suffer any injury?

    a.    Feeney    \_\_\_\_\_YES    \_\_\_\_\_NO

    b.    Hearns    \_\_\_\_\_YES    \_\_\_\_\_NO

    c.    Acloque    \_\_\_\_\_YES    \_\_\_\_\_NO

**Part C**

    (If YES to A.1)

        (1) Did any other defendant assist defendant Hearns?

        a.    Feeney        _____YES    _____NO

        b.    Acloque       _____YES    _____NO

    (If YES to A.2)

        (2) Did any other defendant assist defendant Hearns?

        a.    Feeney        _____YES    _____NO

        b.    Acloque       _____YES    _____NO

**Part D**

    If you answered NO to any part of Part B, Question 1(a) - (c), do you find that the defendant(s) action(s) caused the plaintiff to suffer any injury?

        a.    Feeney        _____YES    _____NO

        b.    Hearns        _____YES    _____NO

        c.    Acloque       _____YES    _____NO

**Part E**

    Has the plaintiff proven by a preponderance of the evidence that, as a supervisor, William Feeney's action or inaction amounted to deliberate, reckless, or callous indifference to the federal constitutional rights of the plaintiff, and that William Feeney's action or inaction can be affirmatively linked to any misconduct of his subordinates?

                _____YES    _____NO

**Part F**

Do you find that any defendant interfered with the plaintiff's unlawful exercise or enjoyment of rights secured by the Constitution or laws of the United States by the use of threats, intimidation, and coercion?

    a.    Feeney        \_\_\_\_YES     \_\_\_\_NO

    b.    Hearns       \_\_\_\_YES     \_\_\_\_NO

    c.    Acloque      \_\_\_\_YES     \_\_\_\_NO

If you answered YES to any part of Question (a) - (c) above, do you find that the action(s) of any defendant(s) caused the plaintiff to suffer injury?

    a.    Feeney        \_\_\_\_YES     \_\_\_\_NO

    b.    Hearns       \_\_\_\_YES     \_\_\_\_NO

    c.    Acloque      \_\_\_\_YES     \_\_\_\_NO

**Part G**

Do you find that in the City of Boston there was a custom that a strip search be conducted on any plaintiff who made a claim of damages for an alleged unlawful body cavity search?

    \_\_\_\_YES     \_\_\_\_NO

**Part H**

What amount of damages, if any, do you award to the plaintiff against each individual defendant (answer in DOLLARS or NONE)?

    a.    William Feeney    $_____

    b.    Kenneth Hearns    $_____

    c.    Moses Acloque    $_____

**Part I**        Punitive Damages

Do you award punitive damages against any individual defendant?

_____YES    _____NO

If YES, against whom?  Answer in DOLLARS or NONE).

a.   William Feeney      $_____

b.   Kenneth Hearns      $_____

c.   Moses Acloque       $_____

_____        _____

Date                                            Foreperson