**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, JR.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE and THE
CITY OF BOSTON,
    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO ADMIT SEROLOGICAL RESEARCH INSTITUTE REPORT

Now come the Defendants, William J. Feeney, Jr., Kenneth Hearns, Jean Moses Acloque and the City of Boston (hereinafter "Defendants") and hereby oppose the Plaintiff's motion in limine to admit "Serological Research Institute Report" ("SERI"). As grounds therefore, the Defendants state that:

Contrary to the Plaintiff's assertion this report has not been adopted by the Defendants. The Plaintiff can not surmount the hearsay rule. The Plaintiff intends to use this SERI report for the truth of the matters asserted therein. Fed.R.Evid. 801(d)(2)(B) provides that "[a] statement is not hearsay if …[the] statement is offered against a party and is…a statement of which the party has manifested an adoption or belief in its truth…." The burden is on the Plaintiff to show that the Defendants have manifested such an adoption. See Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 870 (1st Cir. 1997). In Pilgrim, a grievance report was admissible as an adoptive admission when the college president accepted and acted upon its contents, implementing its recommendations without disclaimer. See id.

1

The same can not be said to have occurred in the case at bar. It is not disputed that the Boston Police Crime lab forwarded the plastic bags recovered at the scene to SERI for further analysis. It is not disputed that SERI created a report. However, the Plaintiff has not presented this Court with any direct evidence that Defendants adopted the findings of SERI. What Plaintiff points to is a story that appeared in the Boston Globe which essentially stated that this report was created by an independent laboratory and that the results would be handed over to the district attorney's office. Newspaper articles are themselves hearsay and inadmissible to prove the truth of the matter asserted therein. See, Horta v. Sullivan, 4 F.3d. 2, 8 (1st Cir. 1993). There is no evidence in the record of this case to support Plaintiff's assertion of Defendants' acquiescence to the report's contents.

The Plaintiff cannot carry his burden of demonstrating that the City has manifested an adoption of the documents contents merely by demonstrating that the City possessed the document. The City of Boston's investigative files in this matter contain numerous transcripts of witness testimony and characterizations of witness statements which are likewise inadmissible hearsay, and could not seriously be characterized as adopted admissions merely on the basis of possession. Similarly, the SERI report is merely in the City's possession, with no evidence in the record of this case that the City accepted or acted upon its contents. In fact, the Sexual Assault Unit's investigation and the District Attorney's investigation were closed prior to receipt of the report, but its arrival did not cause either investigation to be re-opened (and such a re-opening would clearly indicate adoption and acceptance). The Internal Affairs investigation did consider the report, but did not refer to it in any way in its conclusions and did not sustain allegations against the officers. Again, these facts are not at all suggestive of acceptance of or reliance upon the contents of the document.

For the foregoing reasons, Defendants request that this Honorable Court deny *Plaintiff's Motion in Limine to Admit the Serological Institute Report.*

                                    Respectfully submitted,

                                    DEFENDANTS, WILLIAM J FEENEY, JR., KENNETH HEARNS, JEAN MOSES ACLOQUE and THE CITY OF BOSTON,

                                    By their attorneys:

                                    /s/ Karen A. Glasgow
                                  Karen A. Glasgow, BBO # 648688
                                  James M. Chernetsky, BBO # 638152
                                  Assistant Corporation Counsel
                                  City of Boston Law Department
                                  Room 615, City Hall
                                  Boston, MA 02201
                                  (617) 635-3238

Dated: April 13, 2006