UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

| | |
|---|---|
| MARIO LACY,<br>      Plaintiff,<br><br>v.<br><br>WILLIAM J. FEENEY JR,<br>KENNETH HEARNS, JEAN<br>MOSES ACLOQUE AND THE<br>CITY OF BOSTON<br>      Defendants. | |

## DEFENDANTS' FIRST SUPPLEMENTAL JURY INSTRUCTIONS

Now come the Defendants, in the above-captioned action, and respectfully submit the following supplemental requests for instructions to the jury. The Defendants state that these proposed jury instructions are being submitted without waiving, and without prejudice, any Motion for Judgment as a Matter of Law.

        Respectfully Submitted,
        DEFENDANTS, WILLIAM J FEENEY Jr,
        KENNETH HEARNS, MOSES ACLOQUE and
        CITY OF BOSTON,

        By their attorneys:


        /s/ Karen A. Glasgow
        _____
        Karen A. Glasgow, BBO # 648688
        James M. Chernetsky, BBO# 638152
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-3238 (KAG)
April 14, 2006        (617) 635-4048 (JMC)

**REQUEST NO. 19**

**Failure to Intercede**

An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under Section 1983. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 209 (1st Cir.), cert. denied, 500 U.S. 956 (1990).  A police officer cannot be held liable for failing to intercede, however, if he has no "realistic opportunity" to prevent an attack.  Id.; see also Jesionowski v Beck et al., 937 F. Supp. 95, 104-105 (D. Mass. 1996).  See also Wilson v. Town of Mendon, 294 F.3d 1, 14 (1st Cir. 2002).  An onlooker cannot be charged with Section 1983 liability for another's sudden, momentary actions.  Noel v Town of Plymouth, 895 F. Supp. 346, 352 (D. Mass. 1995).

## REQUEST NO. 20
### Punitive Damages

If there is no proof that the defendants harbored any evil motives or a conscious awareness that their actions might violate the plaintiff's civil rights, then you may not award punitive damages. "Where…the evidence shows no more than an exasperated police officer, acting in the heat of the moment, made an objectively unreasonable mistake, punitive damages will not lie." Iacobucci v. Boulter, et al., 193 F.3d 14, 26 (1st Cir. 1999).

**REQUEST NO. 21**
**Search incident to Arrest and Probable Cause**

"The fact that search precedes a formal arrest is not important, as long as probable cause [to arrest] existed independent of the results of the search." <u>Commonwealth v. Brillante</u>, 399 Mass. 152, 154-155 n5 (1987)(citations omitted).

**REQUEST NO. 21**
**Joint Venture Liability**

To establish joint venture liability the Plaintiff must prove that a defendant "associated himself with the venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." Wilson v. Town of Mendon, 294 F.3d 1, 15 (1st Cir. 2002).