UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LACY,           )<br>    Plaintiff,     )<br>                              )<br>v.                            )<br>                              )<br>                              )<br>WILLIAM J. FEENEY, KENNETH )<br>HEARNS, JEAN MOSES            )<br>ACLOQUE,                      )<br>and the CITY OF BOSTON,       )<br>    Defendants.    )<br>                              ) | C.A No. 04-11492-REK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO BIFURCATE ISSUES AT TRIAL**

Now comes the plaintiff and requests that this Honorable Court deny Defendants' Motion to Bifurcate Issues at Trial in the above captioned matter. As grounds therefore, the plaintiff submits the following memorandum of law.

**ARGUMENT**

Defendants have the burden of proving that bifurcation is more appropriate than a unitary trial. *Cordero v. AT&T*, 1999 U.S. Dist. LEXIS 17650 at \*\*9 (D.P.R. Nov. 1, 1999). Under the standards set forth in Fed. R. Civ. P. 42(b), they have failed to meet that burden.

    **I.    THE DEFENDANTS HAVE FAILED TO SHOW HOW JUDICIAL ECONOMY WILL BE SERVED BY BIFURCATION**

Bifurcation of the issues in this case is contrary to the interests of judicial economy. A single trial is the most efficient use of judicial resources. Plaintiff will argue at trial that the individual defendants violated plaintiff's rights by subjecting him to an unreasonable search. Plaintiff anticipates that a significant portion of the individual

1

defendants' testimony will involve allegations concerning their common practices at the time of the search of Mario Lacy.

For instance, William Feeney, the supervising officer during the search, can be expected to testify as follows:

- If I have probable cause to arrest somebody. I have probable cause to search them. If it entails doing a strip search, depending upon the location we are in, if I think there may be a weapon involved, we will strip search them as defined by the rules and regulations. *Ex. A* Deposition of William Feeney, at 8-10.
- Q: Because before Lacy's incident you had strip searched people outside the station house without a warrant hadn't you? A: I think on a few occasions yes. *Id.* at 19-20.
- Q: […] as a practical matter of the drug squad, if they believe someone was secreting drugs they would do a strip search on certain occasions outside of the station house and without a warrant? A: If we had probable cause to believe they had drugs on them, we would search them, yes, or I would. *Id*. at 20.
- Q: So you violated the policy by not putting in written form that there had been a strip search, right. A: Yeah, you could say that. *Ex. A*, at 18, ll. 21-24.
- "It is through my training and experience that even children are searched. Drugs have been found within children's clothes." (*Id.*)

Claims about the individuals' officers' common practices are directly relevant to the claims against the individual officers because they tend to prove the unreasonableness of their actions. It is likewise relevant to municipal liability claims against the City because it demonstrates an acquiescence to a custom of unconstitutional behavior.

Moreover, admissions that policy was violated during this search are clearly relevant to the City's liability for its failure to supervise and train the officers. In this regard, the admissions are also relevant to the claim of supervisory liability on the part of Defendant Feeney, since his repeated failure to enforce the regulations on strip searches tends to show he was deliberately indifferent to constitutional rights. Therefore, it does not serve the interests of judicial economy to separate the trial since the same facts will have to be addressed at both phases.

The City's only judicial economy argument is that, if no liability is found against the individual officers, the trial against the City would not need to go forward. Yet the City ignores the fact that the same amount of evidence would come out at the first stage of a bifurcated trial as would come out at a unitary trial. Thus, even in the best case scenario for the City, no time would be saved by bifurcation. On the contrary, if individually liability is found, the entire case would have to be retried with the same set of facts, thereby doubling the amount of judicial resources necessary to resolve the matter.

**II.    THE DEFENDANTS HAVE FAILED TO SHOW HOW THEY WILL BE PREJUDICED IF THE ISSUES ARE NOT BIFURCATED**

The Defendants will not be prejudiced by a unitary trial because this is not a case where the municipal liability claims involve evidence which is likely to be otherwise inadmissible against the individual defendants. This issue typically becomes problematic in cases where plaintiff's theory of municipal liability involves allegations of failure to discipline in the past or inadequate hiring practices. In such cases a plaintiff may rely heavily upon the individual officers' disciplinary records to demonstrate that the city had knowledge of a potential for future constitutional violations and failed to correct the situation. Such is not the case here. Plaintiff is not seeking to introduce any of the individual officers' disciplinary records. Accordingly, there is no danger of running afoul of Fed. R. Evid. 404(b) in a joint trial.

The only claim of prejudice offered by the City is that evidence of the City's inadequate policies on strip searches will somehow unfairly influence the jury verdict as to the individual defendants. The City offers no explanation of exactly how this prejudice could possibly manifest itself, it merely asserts that it would exist and therefore

3

bifurcation is necessary.  Yet the City ignores the fact that a discussion of the municipal policy is necessary to illustrate the individual officers' alleged violation of that policy, which, as discussed above, is relevant to the reasonableness of the officers' actions. Moreover, a discussion of the City's policy, or inadequate training and supervision on that policy, is also necessary to resolve the issue of Feeney's supervisory liability.

For the foregoing reasons, the plaintiff respectfully requests that the Court deny Defendants' Motion to Bifurcate the Issues at Trial.

        Plaintiff Mario Lacy
        By his attorneys,


        //s// Jessica D. Hedges
        Stephen B. Hrones
        BBO # 242860
        Jessica Hedges
        BBO # 645847
        Hrones, Garrity & Hedges
        Lewis Wharf-Bay 232
        Boston, MA 02110-3927
        (617) 227-4019


**CERTIFICATE OF SERVICE**

I, Jessica D. Hedges, hereby certify that, on this the 17th day of April, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

        //s// Jessica D. Hedges
        Jessica D. Hedges