UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIO LACY, | ) | |
| Plaintiff, | ) | C.A No. 04-11492-REK |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM J. FEENEY, KENNETH | ) | |
| HEARNS, JEAN MOSES | ) | |
| ACLOQUE, | ) | |
| and the CITY OF BOSTON, | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE OTHER ACTS EVIDENCE**

Now comes the Plaintiff, and hereby opposes the Defendants' Motion to Exclude Other

Acts Evidence.  As grounds therefore, the Plaintiff submits the following memorandum of law.

**ARGUMENT**

I.    **OTHER ACT EVIDENCE IS ADMISSIBLE AGAINST THE CITY TO SHOW
THE CITY'S CUSTOM  RELATIVE TO STRIP SEARCHES**

Contrary to the Defendants' contentions, the Plaintiff is not offering "other acts" to show

that, on the date in question, the Defendants' acted in conformity with their character.  Rather,

the evidence is admissible against the City for the non-character purpose of demonstrating the

City's knowledge of prior acts, which is indicative of custom.  Federal Rule of Evidence 404(b)

provides that evidence of other acts is admissible for that reason:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a
> person in order to show action in conformity therewith. It may, however, be admissible
> for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
> <u>knowledge</u>, identity, or absence of mistake or accident.

Fed. R. Evid. 404 (emphasis added).

The Defendants, citing <u>Udemba</u> v. <u>Nicoli</u>, 237 F.3d 8 (1st Cir. 2001), contend that, even if admitted for a non-character purpose such as knowledge, the prior act evidence is more prejudicial than probative if admitted against the individual officers.[1]  Interestingly, they do not claim that it would be inadmissible against the City under 404(b), because such an argument would surely fail.

One way in which any plaintiff can support a claim of municipal liability is to offer prior instances of misconduct on the part of individual officers.  Were prior bad acts inadmissible as to the City, the City would contend that it had no knowledge of any misconduct, and thus its failure to act did not demonstrate a deliberate indifference to constitutional rights.  Thus, admission of the prior act evidence is essential to the Plaintiff's claims against the City and does not run afoul of Rule 404.

II.     **THE PLAINTIFF MAY INQUIRE INTO SPECIFIC INSTANCES OF CONDUCT IF THEY ARE PROBATIVE OF THE WITNESS' CHARACTER FOR TRUTHFULNESS OF UNTRUTHFULNESS**

According to Rule 608(b), the Plaintiff is entitled to inquire on cross-examination into specific instances of conduct in order to attack the witness' character for truthfulness:

> (b) Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness. . . may. . . <u>if probative of truthfulness or untruthfulness</u>, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness…

Fed. R. Evid. 608(b) (emphasis added).

The Plaintiff intends to inquire into several instances of witness' prior acts which are probative of truthfulness, including but not limited to, the finding of Judge Gertner in <u>United States</u> v. <u>Dessesaure</u>, 314 F. Supp 2d 81, 88 (D. Mass. 2004), in which a witness in this case, Officer John Broderick, was found to have lied in open court.

---

[1] Any such prejudice to the individual officers can be dealt with by giving the jury a limiting instruction.

### III.    THE INTERNAL AFFAIRS INVESTIGATIONS ARE NOT BARRED BY RULE 407

Defendants strangely argue that Internal Affairs investigative reports are barred by Fed. R. Evid. 407 as subsequent remedial measures:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove. . .culpable conduct…This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

As a preliminary matter, complaints that were not sustained by the City cannot be barred by this Rule as they have no remedial effect.  Moreover, according to the Advisory Committee:

> The words "an injury or harm allegedly caused by" were added to clarify that the rule applies only to changes made after the occurrence that produced the damages giving rise to the action.  Evidence of measures taken by the defendant prior to the "event" causing "injury or harm" do not fall within the exclusionary scope of Rule 407…

Fed. R. Evid. 407, Advisory Committee Notes.  Since the IAD reports at issue were generated before the incident in question, Rule 407 does not bar their admission.

Furthermore, in <u>Prentiss & Carlisle</u> v. <u>Koehring-Waterous</u>, 972 F.2d 6 (1st Cir. 1992), this Circuit held that reports generated by investigations concerning the cause of a fire were not subject to exclusion under Rule 407, because they did not constitute remedial "measures." According to the Court, it "would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports." <u>Id</u>. at 10. Therefore, according to the Advisory Committee, "while a product analysis or postaccident report might lead to the taking of remedial measures, it does not mean that the report or analysis itself is excluded under the Rule."  Fed. R. Evid. 407, Advisory Committee Notes.

### CONCLUSION

Therefore, the Plaintiff requests that this Court deny the Defendants' motion.

Respectfully Submitted,
The Plaintiff, Mario Lacy
By his attorneys,


//s// Jessica D. Hedges
Stephen Hrones
BBO # 242860
Jessica Hedges
BBO # 645847
HRONES, GARRITY & HEDGES
Lewis Wharf, Bay 232
Boston, MA  02110 – 3927
(617) 227 – 4019


## CERTIFICATE OF SERVICE

I, Jessica D. Hedges, hereby certify that, on this the 17th day of April, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

//s// Jessica D. Hedges
Jessica D. Hedges