UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LACY,  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WILLIAM J. FEENEY, KENNETH  )<br>HEARNS, JEAN MOSES  )<br>ACLOQUE, and the  )<br>CITY OF BOSTON,  )<br>     Defendants.  )<br>  ) | C.A No. 04-11492-REK |

**PLAINTIFF'S AMENDED PROPOSED JURY VERDICT FORM**

Now comes the plaintiff and requests that the following be used as the jury verdict form in the instant matter. Plaintiff has attempted to incorporate both the Court's proposals, as well as the some of the defendants' proposals in the following form. Plaintiff has also provided explanation following several of the proposed questions.

**PART A – ANAL CAVITY SEARCH**

1)   Did Defendant Hearns stick his finger in the plaintiff's anal cavity?

   _____       _____
   Yes              No

   ***Explanation*:  *This question should be first, rather than the strip search question, because the anal cavity search is the most invasive search.  Moreover, if an anal cavity search occurred, a strip search necessarily also occurred.  In other words, a strip search is analogous to a "lesser included offense," and should therefore be considered only after the more invasive search is considered.***

*If you answered Yes to this question, proceed to Question 2; if you answered No, proceed to Part B.*

1

2)    Did Defendant Acloque participate in the anal cavity search?

_____    _____
Yes        No

*Proceed to next question.*

3)    Did Defendant Feeney participate in the anal cavity search?

_____    _____
Yes        No

*Proceed to next question.*

4)    What amount of damages do you award to the plaintiff against each individual defendant based upon the anal cavity search? (answer in dollars or "None")

    a. Kenneth Hearns  $_____
    b. William Feeney  $_____
    c. Moses Acloque   $_____

***Explanation:*** *The damages flowing from an anal cavity search are separate and distinct from damages flowing from either the strip search or the excessive use of force. Therefore, the jury should consider damages for each violation (anal cavity search, strip search, and use of force) separately.*

*Proceed to Part B.*

**PART B – STRIP SEARCH**

5)    Did Defendant Hearns pull the plaintiff's pants out so that Hearns could see the plaintiff's naked buttocks?

_____    _____
Yes        No

***Explanation:*** *This is the same language as the Court's proposed Question 1.*

*If you answered Yes to this question, proceed to Question 6; if you answered No, proceed to Part C.*

*6)*    Was that action unreasonable based upon the manner or place in which it was conducted?

_____    _____
Yes          No

***Explanation:*** ***The reasonableness of a strip search takes into account not only whether there was reasonable suspicion to support the search, but also the following factors: 1) the scope of the intrusion; 2) the manner in which it is conducted; 3) the justification for the search; 4) and the place in which it is conducted.[1] Therefore, the jury must be given the opportunity to consider the place and manner of the search in evaluating its reasonableness.***

*If you answered Yes to this question, proceed to Question 7; if you answered No, proceed to Part C.*

7)    Did Defendant Acloque participate in the strip search?

_____    _____
Yes          No

*Proceed to next question.*

8)    Did Defendant Feeney participate in the strip search?

_____    _____
Yes          No

*Proceed to next question.*

9)    What amount of damages do you award to the plaintiff against each individual defendant based upon the strip search? (answer in dollars or "None")

   a. Kenneth Hearns   $_____

   b. William Feeney   $_____

   c. Moses Acloque    $_____

*Proceed to next question.*

---

[1] *Balckburn v. Snow,* 771 F.2d at 565 (1985).

3

10) Did the City of Boston have a custom of tolerating illegal strip searches outside the police station during drug investigations where there was no warrant, and was this custom a moving force behind the unreasonable strip search found by you in Question 6?

_____   _____
Yes           No

*If you answered Yes to this question, proceed to Question 11; if you answered no, proceed to Part C.*

11) What amount do you award plaintiff against the City based upon the unreasonable strip search? (answer in dollars or "None")

$_____*(Do not award damages here if you already awarded damages in Question 9. If you did not award damages in Question 9, consider Question 11)*


**PART C – EXCESSIVE FORCE**

12) Did Defendant Hearns hit plaintiff and/or grab the plaintiff's neck?

_____   _____
Yes           No

*If you answered Yes to this Question, proceed to Question 13; if you answered No, proceed to Part D.*

13) Did defendant Acloque participate in the hitting and/or grabbing?

_____   _____
Yes           No

*Proceed to next question.*

14) Did Defendant Feeney participate in the hitting and/or grabbing?

_____   _____
Yes           No

*Proceed to next question.*

4

15) What amount of damages do you award to the plaintiff against each individual defendant based upon the hitting and/or grabbing? (answer in dollars or "None")

      a. Kenneth Hearns  $_____

      b. William Feeney  $_____

      c. Moses Acloque  $_____

*Proceed to Part D.*

### PART D – SUPERVISORY LIABILITY

16) Did William Feeney's action(s) or inaction amount to a deliberate, reckless, or callous indifference to the rights of plaintiff, and can this action or inaction be linked to any of the violations you found in Part A, B, or C?

   _____   _____
   Yes           No

*Proceed to Part E.*

### PART E – MASSACHUSETTS CIVIL RIGHTS ACT

17) Do you find that any defendant interfered with the plaintiff's exercise of rights secured by the United States Constitution through the use of threats, intimidation, or coercion?

  a. Feeney   \_\_\_\_\_Yes   \_\_\_\_\_ No

  b. Hearns   \_\_\_\_\_Yes   \_\_\_\_\_ No

  c. Acloque   \_\_\_\_\_Yes   \_\_\_\_\_ No

*If you Answered Yes to this question , proceed to Question 18; if you answered No, proceed to Part F.*

18) What amount of damages do you award to the plaintiff against each individual defendant based upon the violation of interference with his civil rights through the use of threats, intimidation, or coercion? (answer in dollars or "None")

      a. Kenneth Hearns  $_____

      b. William Feeney  $_____

      c. Moses Acloque  $_____

*Proceed to Part F.*

**PART F – PUNITIVE DAMAGES**

19)   What amount of punitive damages, if any, do you award to the plaintiff against each individual defendant?

                                                        Amount

    a.    Feeney    _____Yes    $_____    _____No

    b.    Hearns    _____Yes    $_____    _____No

    c.    Acloque    _____Yes    $_____    _____No

*Proceed to next question.*

**PART G - INTEREST**

20)   Do you award interest on the damages you have assessed today?

_____    _____
Yes            No


                                                        Respectfully Submitted,
                                                        The Plaintiff, Mario Lacy
                                                        By his attorneys,


                                                        <u>//s// Jessica D. Hedges</u>
                                                       Stephen Hrones
                                                       BBO # 242860
                                                       Jessica Hedges
                                                       BBO # 645847
                                                       HRONES, GARRITY & HEDGES
                                                       Lewis Wharf, Bay 232
                                                       Boston, MA  02110 – 3927
                                                       (617) 227 – 4019

**CERTIFICATE OF SERVICE**

      I, Jessica D. Hedges, hereby certify that, on this the 17th day of April, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

                                        <u>//s// Jessica D. Hedges</u>
                                        Jessica D. Hedges