UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-REK

MARIO LACY,
    Plaintiff,

v.

CITY OF BOSTON, WILLIAM FEENEY, KENNETH HEARNS and MARC ACLOQUE,
    Defendants.

**DEFENDANT JEAN ACLOQUE'S ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.**

NOW COMES Jean Moise Acloque, Defendant in the above-entitled action, and hereby answers the Amended Complaint of the Plaintiff, as follows:

**INTRODUCTION**

Paragraph One of Plaintiff's Amended Complaint contains a preliminary statement summarizing the Plaintiff's allegations as contained within the numbered paragraphs of his Amended Complaint, and as such does not require a response. To the extent that the Plaintiff's introduction states any claim against Defendant Acloque, it is denied.

**STATEMENT OF JURISDICTION**

Paragraph Two of Plaintiff's Amended Complaint contains his statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiff's statement of

1

jurisdiction states any claim against Defendant Acloque, it is denied.

## PARTIES

3.    Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Three of the Amended Complaint, and therefore neither admits nor denies said allegation.

4.    Defendant Acloque admits the allegations contained in Paragraph Four of the Amended Complaint.

5.    Defendant Acloque admits the allegations contained in Paragraph Five of the Amended Complaint.

6.    In answer to Paragraph Six of the Amended Complaint, Defendant Acloque states that his true name is Jean Moise Acloque, and admits the remaining allegations contained in Paragraph Six.

7.    Defendant Acloque admits the allegation contained in Paragraph Seven of the Amended Complaint.

**FACTS**

8. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Eight of the Amended Complaint, and therefore neither admits nor denies said allegation.

9. Defendant Acloque admits that the Plaintiff was on Marvin Street on or about July 14, 2004, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Nine of the Amended Complaint, and therefore neither admits nor denies said allegations.

10. In answer to Paragraph Ten of the Amended Complaint, Defendant Acloque admits that police officers found no drugs on the Plaintiff. Answering further, Defendant Acloque states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Ten of the Amended Complaint, and therefore neither admits nor denies said allegations.

11. In answer to Paragraph Eleven of the Amended Complaint, Defendant Acloque admits that the Plaintiff denied having drugs. Answering further, Defendant Acloque denies the remaining

allegations contained in Paragraph Eleven of the Amended Complaint.

12. Defendant Acloque denies the allegations contained in Paragraph Twelve of the Amended Complaint.

13. In answer to Paragraph Thirteen of the Amended Complaint, Defendant Acloque admits that police officers found no drugs on the Plaintiff. Answering further, Defendant Acloque denies the remaining allegations contained in Paragraph Thirteen of the Amended Complaint.

14. In answer to Paragraph Fourteen of the Amended Complaint, Defendant Acloque admits that an unknown police officer possessed a plastic bag. Answering further, Defendant Acloque states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fourteen of the Amended Complaint, and therefore neither admits nor denies said allegations.

15. Defendant Acloque denies the allegations contained in Paragraph Fifteen of the Amended Complaint.

16. Defendant Acloque denies the allegations contained in Paragraph Sixteen of the Amended Complaint.

17. Defendant Acloque denies the allegations contained in Paragraph Seventeen of the Amended Complaint.

18. Defendant Acloque denies the allegations contained in Paragraph Eighteen of the Amended Complaint.

19. Defendant Acloque denies the allegations contained in Paragraph Nineteen of the Amended Complaint.

20. Defendant Acloque denies the allegations contained in Paragraph Twenty of the Amended Complaint.

21. Defendant Acloque denies the allegations contained in Paragraph Twenty-One of the Amended Complaint.

22. Defendant Acloque denies the allegations contained in Paragraph Twenty-Two of the Amended Complaint.

23. Defendant Acloque denies the allegations contained in Paragraph Twenty-Three of the Amended Complaint.

24. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Four of the Amended Complaint, and therefore neither admits nor denies said allegation.

25. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Five of the Amended Complaint, and therefore neither admits nor denies said allegation.

26. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Six of the Amended Complaint, and therefore neither admits nor denies said allegation.

27. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Seven of the Amended Complaint, and therefore neither admits nor denies said allegation.

28. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Eight of the Amended Complaint, and therefore neither admits nor denies said allegation.

29. Paragraph Twenty-Nine of the Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Twenty-Nine makes a factual allegation against Defendant Acloque, it is denied.

30. Paragraph Thirty of the Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Thirty makes a factual allegation against Defendant Acloque, it is denied.

31. Paragraph Thirty-One of the Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Thirty-One makes a factual allegation against Defendant Acloque, it is denied.

32. Defendant Acloque denies the allegation contained in Paragraph Thirty-Two of the Amended Complaint.

33. Defendant Acloque denies the allegation contained in Paragraph Thirty-Three of the Amended Complaint.

34. Defendant Acloque is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Thirty-Four of the Amended Complaint, and therefore neither admits nor denies said allegation.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT POLICE OFFICERS.

35. Defendant Acloque repeats and incorporates his answers to Paragraphs One through Thirty-Four, above.

7

36. Paragraph Thirty-Six of the Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Thirty-Six makes a factual allegation against Defendant Acloque, it is denied.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. C. 12 §11I BY DEFENDANT POLICE OFFICERS HEARNS AND ACLOQUE.

37. Defendant Acloque repeats and incorporates his answers to Paragraphs One through Thirty-Six, above.

38. Paragraph Thirty-Eight of the Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Thirty-Eight makes a factual allegation against Defendant Acloque, it is denied.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON.

Defendant Acloque does not answer Count III, as it is directed against another defendant.

**AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

The Amended Complaint fails to state a claim against Defendant Acloque upon which relief may be granted.

*Second Affirmative Defense*

Defendant Acloque states that he is a public employee entitled to immunity for negligent conduct committed during the scope of his employment pursuant to the Massachusetts Torts Claims Act.

*Third Affirmative Defense*

Defendant Acloque states that at all relevant times, he acted in good faith and in accord with the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

*Fourth Affirmative Defense*

Defendant Acloque states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States, or of Commonwealth of Massachusetts.

*Fifth Affirmative Defense*

Defendant Acloque states that the injury or damage alleged in the Plaintiff's Amended Complaint was neither caused nor proximately caused by him.

*Sixth Affirmative Defense*

Defendant Acloque states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of Defendant Acloque.

*Seventh Affirmative Defense*

Defendant Acloque states that the Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against him.

*Eighth Affirmative Defense*

Defendant Acloque states that he is entitled to qualified immunity from suit.

**JURY CLAIM**

Defendant Acloque demands a trial by jury on all claims.

10

Respectfully submitted
DEFENDANT, JEAN MOISE ACLOQUE
Merita A. Hopkins
Corporation Counsel

By his attorneys:


/s/ James M. Chernetsky
_____
James M. Chernetsky, Esq. BBO# 638152
Karen A. Glasgow, Esq. BBO# 648688
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4034

11