**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION No. 04-11492-WGY

| |
|---|
| MARIO LACY,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM J. FEENEY, Jr.,<br>KENNETH HEARNS, JEAN<br>MOSES ACLOQUE AND THE<br>CITY OF BOSTON<br>    Defendants. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE REGARDING JUDGE GERTNER'S OPINION AS TO WITNESSES JOHN BRODERICK AND JUAN SEOANE'S CREDIBILITY**

Defendants William J. Feeney, Jr., Kenneth Hearns, Jean Moses Acloque, and the City of Boston ("Defendants") submit this Memorandum in support of their motion in limine pursuant to Rules 402, 403, 608, 801(c) and 802 of the Federal Rules of Evidence seeking an order to preclude Plaintiff from introducing any evidence of or reference to Judge Gertner's partially overruled opinions, finding that Officer John Broderick ("Broderick") was not a credible witness during a motion to suppress hearing. *See U.S. v. Dessesaure (Dessesaure I)*, 314 F.Supp.2d 81 (D.Mass. 2004) and *U.S. v. Dessesaure (Dessesaure II)*, 323 F.Supp.2d 211 (D.Mass. 2004).

**I.    PRELIMINARY STATEMENT**

Plaintiff intends to question Officer Broderick specifically, and introduce extrinsic evidence, regarding Judge Gertner's opinion regarding Officer Broderick's credibility. Plaintiff may also attempt to use the same opinions against another defense witness Juan Seoane ("Seoane"). Although the opinions in *Dessesaure I and Dessesaure II* primarily concern Judge Gertner's findings as to Broderick's credibility during the suppression hearing, for the purposes

1

of this motion many of the Defendants' arguments also apply equally to Plaintiff's potential use of said opinion against Seoane. Plaintiff should not be permitted to question Officers Broderick or Seoane, or introduce extrinsic evidence, regarding (i) Judge Gertner's opinion, (ii) circumstances and facts that were the subject of the opinion, and (iii) any evidence concerning Officers Broderick's and Seoane's testimony. Any reference made in the Plaintiff's opening must also be excluded. Such evidence is unduly prejudicial to the Defendants.

## II.     BRIEF STATEMENT OF RELEVANT FACTS

Officer Broderick and Seoane are witnesses for the defense. They were prosecution witnesses in a motion to suppress hearing. *See Dessesaure I* and *Dessesaure II*. The questioning of Officer Broderick during this hearing concerned his use of confidential informants; notes he reviewed in preparation for the hearing; the facts surrounding the arrest of the defendant Dessesaure and the subsequent entry into Dessesaure's home. *See Dessesaure I*, 314 F.Supp.2d at 84-85. Judge Gertner found Officer Broderick's testimony to be inconsistent and that he was not a credible witness. *See id.* at 88. Judge Gertner's decision on the motion to suppress was subsequently overruled by the First Circuit. *See U.S. v. Dessesaure*, 429 F.3d 359 (1st Cir. 2006).

According to Plaintiff in his *Opposition to Defendants' Motion to Exclude Other Acts Evidence*, Document No. 59, he intends to inquire into "several instances of witness' prior acts which are probative of truthfulness, including but not limited to, the finding of Judge Gertner in *United States v. Dessesaure*, 314 F.Supp. 81, 88 (D.Mass.2004), where she believed Officer John Broderick was found to have lied in open court. To the best of the Defendants' knowledge this is the only opinion of its sort concerning the witness's credibility.

III. **ARGUMENT**

    A. **Plaintiff May Not Cross Examine Witness John Broderick as to Judge Gertner's Decisions in *Dessesaure***

Plaintiff should not be allowed to cross examine Officer Broderick regarding Judge Gertner's decisions because its probative value is substantially outweighed by the potential for unfair prejudice. Fed.R.Evid. 608(b) permits the cross examination, in the discretion of the court into specific instances of conduct of a witness "if probative of truthfulness or untruthfulness", subject to Fed.R.Evid. 403.

In *Dessessaure II*, Judge Gertner modified several of her findings as to the credibility of Officer Broderick. *See U.S. v. Dessesaure*, 429 F.3d at n.2, n. 3, n. 4. In *Dessesaure I* Judge Gertner found that Broderick fabricated statements made by the defendant Dessesaure in order to justify some of his actions leading up to obtaining the warrant to search Dessesaure's home. *See Dessesaure I*, 314 F.Supp.2d at 88. In *Dessesaure II* the district court modified this finding and held that the record was not clear as to what Officer Broderick knew or did not know about the Court's concerns at the moment he took the stand, or whether he gleaned that concern from his questioning, or was just "gilding the lily." Dessesaure, 323 F.Supp.2d at 214. In spite of this, Judge Gertner still concluded that the evidence must be suppressed.

In *U.S. v. Lopez*, 944 F.2d 33 (1st Cir. 1991) the district court faced the mirror image of facts to the case at bar. The defendant in *Lopez* sought to cross examine a police officer about his testimony in another, <u>unrelated</u> federal court trial at which a different presiding judge had granted a motion for new trial, in part because the judge had disbelieved the officer's testimony. *See U.S. v. Lopez,* 944 F.2d at 37. Defendant attempted to proceed under Fed.R.Evid. 608(b). *See id.* The district court precluded this evidence under Fed.R.Evid. 403. *See id.* at 38. The First Circuit upheld the discretion of the trial court to exclude this line of questioning. *See id.*

3

In the case at bar, the Plaintiff intends to also proceed under Fed.R.Evid. 608(b). See Docket Entry #59 – Plaintiff's Opposition to Defendants' Motion to Exclude other Acts Evidence at page 2, §II. In *Lopez* the First Circuit felt hampered because of the lack of offer of proof as to the nature of the intended inquiry. *See Lopez* at 38. However, Plaintiff's counsel in this case has stated that he "intends to inquire into several instances of witness' prior acts which are probative of truthfulness, including, but not limited to, the finding of Judge Gertner in *United States v. Dessesaure*, 314 F.Supp.2d 81, 88 (D.Mass. 2004), in which a witness in this case, Officer John Broderick, was found to have lied in open court." *See* Docket Entry # 59.

The district court in *Lopez* found that it would be permissible to inquire whether the officer had testified untruthfully at the earlier trial. *See id.* However, if the officer had answered "no" there could be "no extrinsic evidence introduced to demonstrate otherwise, particularly <u>not</u> the credibility opinion of the judge who presided at the earlier trial." *Id.* (emphasis added) This line of permissible questioning was also excluded by the trial judge in the district court, on the assumption that the officer would not admit that he had given untruthful testimony at the earlier trial. *See id.* Here, the witness John Broderick vehemently denies the allegation that he lied in open court. He would testify the same way if he were questioned by the Plaintiff in this case, thereby cutting off further inquiry by Plaintiff. However, allowing questioning on this matter at all would unduly prejudice the Defendants. Thus, this Court should preclude this line of questioning.

   **B.**  <u>**Permitting the Use of Judge Gertner's Opinion Usurps the Role of the Jury**</u>

An opinion of a judge as to the credibility of a witness poses a danger of the jury giving more weight to the opinion than is appropriate, and consequently prejudicing the defense. Thus, Judge Gertner's opinion should be excluded, even if it is relevant, because there is a real danger

that the evidence will be misused by the jury. Moreover, admission of Judge Gertner's opinion usurps the traditional role of the jury as the judge of a witness's credibility.

Traditionally, judgment regarding a witness's credibility is within the province of the jury and must not be substituted with the judgment of the court. *See generally Mayo v. Schooner Capital Corp.*, 825 F.2d 566 (1st Cir. 1987). "Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'" *U.S. v. Scheffer*, 523 U.S. 303, 313 (1998) (quoting *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1981)). It is the jury's province, after observing Officer Broderick, the other officers, and the Plaintiff on the witness stand to decide whom the jurors believe. *See Abraham v. Nagle*, 116 F.3d 11, 15 (1st Cir. 1997). The credibility assessment made by Judge Gertner at an <u>unrelated</u> hearing would entail "a grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer" at trial. *U.S. v. Lopez*, 944 F.2d 33, 38 (1st Cir. 1991). Consequently, there is a substantial danger that members of the jury would substitute their own fact based judgment about Officer Broderick's credibility with that of Judge Gertner's and thus the Plaintiff's line of cross examination questions, concerning Judge Gertner's opinion, and any reference to said opinion must be precluded.

     **C.**    <u>**Use of Judge Gertner's Opinion is Improper Character Evidence**</u>

As stated above, credibility choices are for the factfinder. *See U.S. v. Alicea*, 205 F.3d 480, 483 (1st Cir. 2000). Plaintiff's proposed use of Judge Gertner's opinion is one which improperly attempts to show propensity. In *Suprenant v. Rivas*, 424 F.3d 5, 21-22 (1st Cir. 2005), the defendants attempted to use a prior bad act by the plaintiff. This testimony was

5

properly excluded by the trial court. *See id.* The First Circuit's inquiry into the use of the evidence began with the question as to "whether the proffered evidence has some special relevance which enables it to shed light on a disputed issue in the case, rather than merely to show a [party's] deplorable character of propensity for wrongdoing." *Suprenant*, at 22 *quoting Udemba v. Nicoli*, 237 F.3d 8,15 (1st Cir. 2001). The next question is if such special relevant exists, is its probative value outweighed by other considerations. *See id.* The answer to the former question is the proffered evidence <u>does not</u> shed light on the disputed issue in the case, and the answer to the latter question is that the probative value is outweighed by danger of prejudice.

      The defendants in *Suprenant* were not allowed to use evidence that plaintiff had attacked a correctional officer seven years prior to the incident at issue, arguing that said evidence was probative of the plaintiff's intent and plan in the issue being tried. *See Suprenant*, at 22. In the case at bar, Plaintiff will attempt to argue that Broderick was found to have lied by Judge Gertner in 2004 therefore anything he says at trial in this case will also be a lie, or anything he said during the investigation of Lacy's allegations was also a lie. This is, as the First Circuit said in *Suprenant* clearly inadmissible for these purposes. *See Suprenant*, at 22. Plaintiff is asking the factfinder to draw a propensity inference – Broderick was found to be lying in court in 2004 therefore anything he says in this trial is also likely to be a lie. Rule 404(b) forbids the introduction of evidence for such a purpose. *U.S. v. Ingraham*, 832 F.2d 229, 235 (1st Cir. 1987).

      Furthermore, the court in *Suprenant* stated that the evidence was too weak to provide evidence of intent. *See Suprenant*, at 22. Prior acts bad acts may provide evidence of intent if "one or more similar prior incidents…show a pattern of operation that would suggest intent." *See id. citing* JACK B. WEINSTEIN AND MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §

404.22[1][a] (2d ed.2005).  This is another way of saying that prior bad acts may be admitted as circumstantial evidence of a party's state of mind. *Suprenant,* at 23. However, Broderick is not a party to this case, and Plaintiff can not show how Broderick's state of mind is relevant.  Its probative use is outweighed by its prejudicial nature.  Thus, use of Judge Gertner's, a single instant opinion, must be precluded.

**IV.     CONCLUSION**

For the reasons stated herein, the Defendants' motion in limine should be granted.

RESPECTFULLY SUBMITTED
DEFENDANTS
William F. Sinnott
Corporation Counsel

By their attorney:

/s/ Karen A. Glasgow
_____
Karen A. Glasgow BBO#  648688
Susan M. Weise BBO # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238

October 5, 2006

7