UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

| | |
|---|---|
| MARIO LACY,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM J. FEENEY, Jr.,<br>KENNETH HEARNS, JEAN<br>MOSES ACLOQUE AND THE<br>CITY OF BOSTON<br>    Defendants. | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM REFFERING TO THE ALLEGED CONDUCT OF THE DEFENDANTS AS "RAPE"**

**I.     INTRODUCTION**

Defendants William J. Feeney, Jr., Kenneth Hearns, and Jean Moses Acloque ("Defendants") move this Honorable Court *in limine* to preclude Plaintiff from referring to the Defendants' alleged conduct as "rape."  The Plaintiff may refer to the Defendants' alleged conduct as "rape." This characterization is an inflammatory appeal for sympathy from the jury, which will prejudice the Defendants and will not accurately describe the Plaintiff's alleged injury.

**II.    ARGUMENT**

The Plaintiff should be precluded from characterizing the Defendants' alleged conduct as a "rape." An argument must be confined to the evidence and it must not appeal to passion or prejudice or sympathy in an unfair way. *Tashjian v. Boston & M.R.R.,* 80 F.2d 320, 321 (1st Cir. 1935). Mischaracterization or overuse of a potentially inflammatory phrase may be deemed prejudicial. *U.S. v. Sánchez-Berríos*, 424 F.3d 65, 74 (1st Cir. 2005). The impropriety of counsel's characterizations is a matter of degree and turns on the accuracy of the description,

threat of unfair prejudice, frequency of use, and alternative means of description. *U.S. v. Felton*, 417 F.3d 97, 103 (1st Cir. 2005).

The term "rape" does not accurately describe the alleged conduct. "Rape" is a crime prescribed by M.G.L. 265 § 22. None of the defendants have been criminally accused or convicted of rape with regard to the present allegations. Thus, the term "rape" is not an accurate description of the alleged conduct.

Moreover, the term "rape" is highly prejudicial because it evokes ideas and emotions that are beyond the scope of the alleged conduct. An epithet can carry connotations well beyond the alleged conduct, and such a description can be gratuitously inflammatory, serving no reasonable purpose in describing the Plaintiff's injury. *See U.S. v. Felton*, 417 F.3d at 103. In the present case, the use of the term "rape" serves no other purpose that to provoke the sympathy of the jury. It does not accurately describe the injury that the Plaintiff is alleging, but rather masks the Plaintiff as a victim of a crime. Thus, the term "rape" is highly prejudicial to the Defendants.

Finally, other descriptions are available to the Plaintiff. Particularly, the Plaintiff can characterize the alleged conduct as "digital penetration." This phrase is a neutral description of what the Plaintiff is alleging and it does not evoke any inflammatory sentiment. Therefore, the Plaintiffs have an alternative means of describing the alleged conduct. Accordingly, the Plaintiff should be precluded from using the term "rape."

## III.   CONCLUSION

For the reasons stated herein, the Defendants' motion *in limine* should be granted.

RESPECTFULLY SUBMITTED
DEFENDANTS
William F. Sinnott
Corporation Counsel

By their attorneys:


/s/ Karen A. Glasgow
_____
Karen A. Glasgow, BBO#  648688
Susan M. Weise, BBO # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238

3