UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL "OTHER ACTS" EVIDENCE**

**I.     INTRODUCTION**

The Defendants, William Feeney, Kenneth Hearns and Jean Moses Acloque, ("Defendants") respectfully request that this Court exclude any testimony, evidence, reference, comments and/or arguments regarding "other acts" allegedly committed by the Defendants and/or other police officer witnesses from the trial of this matter – including, during the Plaintiff's opening and closing statements. Admission of any alleged "other acts" evidence is not relevant to the narrow issue in this case. Moreover, any slight probative value is substantially outweighed by the danger of unfair prejudice to the Defendants. Further, the Defendants request that the Court require the Plaintiff's counsel to instruct his witnesses that they are not to make any reference to any such "other acts."

**II.    ADMISSION OF ANY ALLEGED "OTHER ACTS" EVIDENCE IS NOT RELEVANT OR "SPECIALLY RELEVANT" TO THE NARROW ISSUE IN THIS CASE AND WOULD VIOLATE THE FEDERAL RULES**

The issues in this case are whether, as the Plaintiff has alleged, Defendants performed a strip search on him and whether Defendant Hearns inserted his finger into the Plaintiff's anus

1

and thereby violated his civil rights. Accordingly, the Plaintiff should be precluded from questioning witnesses about or making any references to: 1) citizen complaints against officers, 2) internal affairs investigations ("IAD investigations"), 3) officer disciplinary actions, and 4) other litigation arising from other incidents.

      1.      **"Other Acts" Evidence Relating To Internal Disciplinary Actions Taken By The Boston Police Department Lacks Any Special Relevance And Is Inadmissible.**

In this case, any "other acts" evidence pertaining to the Defendants or other police witnesses does not have any "special relevance" to the disputed issues in this case. The Plaintiff could only seek to admit such evidence to impermissibly prove propensity – not to prove motive, intent, modus operandi, accident or mistake. The Plaintiff, for example, may seek to admit evidence that Defendant Feeney was suspended for one day because one of his subordinates failed to include the Plaintiff's strip search in the police report for an incident in another action. This type of administrative error is irrelevant to the issues of this case and does not relate to Defendant Feeney's truthfulness.

Such internal disciplinary action taken by the Boston Police Department is inadmissible under Fed. R. Evid. 407. See Hochen v. Bobst Group, Inc., 193 F.R.D. 22, 24 (D. Mass. 2000). Such disciplinary action bears no relevance on the ultimate issue of whether the Plaintiff's civil rights were violated. Additionally, this "other act" does not relate to Defendant Feeney's character for truthfulness or untruthfulness. See Fed. R. Evid. 608(b); Sabir v. Jowett, 143 F. Supp. 2d 217 (D.Conn. 2001) (cross examination of detective about prior conduct which led to three administrative investigations, not all of which were sustained, by the state police were excluded because the detective's conduct did not relate to his truthfulness or untruthfulness).

Rather, it is propensity evidence which is "just the type of evidence Fed. R. Evid. 404(b) precludes." See Falk v. Clarke, No. 88C7293, 1990 WL 43581, *6 (N.D. Ill. Apr. 3, 1990).

### 2. "Other Acts" Disguised As "Pattern" Evidence Is Prohibited Because The Municipal Defendant Has Been Dismissed From This Case.

The Court's dismissal of the municipal defendant, the City of Boston, renders evidence of alleged "other acts" by the Defendants and/or police witnesses irrelevant and inadmissible. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-74 (1st Cir. 1989); see also Bordanaro v. McLeod, 871 F.2d 1151, 1166 (1st Cir. 1989); see also Superchi v. Town of Athol, 170 F.R.D. 3, 5 (D. Mass. 1996) (prior citizen complaints against individual police officer alleging excessive force admitted with respect to the claims against the Town but not admissible with respect to the claims against the officer). With the City's custom, policy and practices not at issue, any alleged pattern of conduct or a motive or intent to strip search the Plaintiff, is irrelevant. Such evidence can only be construed to show that the Defendants acted in a certain way because they have acted that way on prior or other occasions which is "just the type of evidence Fed. R. Evid. 404(b) precludes." See Falk v. Clarke, No. 88C7293, 1990 WL 43581, *6 (N.D.Ill. Apr. 3, 1990) (evidence excluded where counsel contended that other acts evidence was being offered to show a pattern of activity but was in reality disguising the impermissible propensity purpose). Admission of such evidence is inadmissible and should be excluded.

### III.  CONCLUSION

Based on the foregoing, and for any other reasons stated orally to the Court, the Defendants move that an order be entered precluding the Plaintiff's counsel from referencing, in any way, including during opening and closing statements, any "other acts" evidence pertaining to the Defendants or witness police officers. The Defendants also request that the Plaintiff's counsel instruct his witnesses to refrain from making any such references during their testimony.

RESPECTFULLY SUBMITTED
DEFENDANTS
William F. Sinnott
Corporation Counsel

By their attorneys:

/s/ Karen A. Glasgow
_____
Karen A. Glasgow, BBO#  648688
Susan M. Weise, BBO # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238