UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN WITNESSES FROM TESTIFYING AND QUASH THEIR TRIAL SUBPOENAS**

**I.     INTRODUCTION**

The Defendants, William J. Feeney, Kenneth Hearns, and Jean Moses Acloque ("Defendants") respectfully request that this Court issue an order precluding John R. O'Malley ("O'Malley"), Francis Armstrong ("Armstrong"), Thomas Maloney ("Maloney"), Clifton Haynes ("Haynes"), and William Shaw ("Shaw") from testifying and quashing the trial subpoenas.

**II.    ARGUMENT**

    **A.     The Court's Dismissal of The Municipal Defendant Makes O'Malley's Testimony Inadmissible**

O'Malley's only involvement was as a Boston Police Department internal affairs investigator assigned to investigate Plaintiff's complaint. The Court has dismissed the case against the municipal defendant. With the City's custom, policy and practices not at issue, any alleged pattern of conduct or a motive or intent to strip search the Plaintiff, is irrelevant.  In

1

addition, there is no proximate cause.  What O'Malley did or did not do as an internal affairs investigator has no bearing on the actual incident of July 14, 2001.

The information O'Malley learned of the events of July 14, 2001 was through internal affairs interviews.  Without direct knowledge of the incident, anything O'Malley testifies to will be hearsay not falling within any exception.

O'Malley's testimony would also be unfairly prejudicial to the Defendants and would confuse and mislead the jury.  Evidence is admissible if the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.  See Fed.R.Evid. 403.

In this case, the danger of prejudice to the Defendants and the potential of confusing or misleading the jury substantially outweigh any relevance, if any, of O'Malley's testimony.  The Boston Police Department investigates every citizen complaint and this case was subject to a full investigation.  Evidence admitted showing an investigation by internal affairs may substantially and unfairly sway the jury's verdict, prejudicing the Defendants.

Accordingly, O'Malley's testimony should be precluded and the subpoena against him quashed.

      **B.**    **Per Fed. R. Evid. 801 and 802, The Testimony Constitutes Inadmissible Hearsay Because They Have No Personal Knowledge Of The Incident.**

Haynes and Shaw should be precluded as they were not present at the location during the alleged strip search and cavity search and therefore have no personal knowledge of the Plaintiff's allegations.  Shaw has stated that he has no personal knowledge of the alleged incident.  *See* attached Exhibit A.  Furthermore, Haynes has also stated that he "never got to Marvin "never got to Marvin Street.  *See* attached Exhibit B.  Therefore their subpoenas must be quashed and their testimony excluded.

Armstrong must also be excluded because he had no involvement in the alleged incident. As stated above, the municipal case has been dismissed and thus any evidence that Armstrong could provide is therefore not relevant. Armstrong's role in 2001 was commander/administrator of the Boston Police Department's Citywide Drug Control Unit. In July 2001, Armstrong was stationed at Boston Police Headquarters at 1 Schroeder Place, not in district 2 where this incident allegedly occurred. He was not present at the scene nor did he have any involvement in the investigation on July 14, 2001. He was not involved in any of the subsequent investigations of the alleged incident. Any information he may have is garnered third hand. As such his testimony must be precluded and any subpoena for him must be quashed.

Maloney's testimony must be excluded also. Maloney is an investigator with the Boston Police Department's Sexual Assault Unit. The investigation of Plaintiff's claim was undertaken by Sergeant Detective Lorraine Henshaw. Maloney's sole involvement in this case was to cover for Henshaw while she was on vacation for a few days while items recovered from the scene of 1 Marvin Street went to the fingerprint/ID unit at the Boston Police headquarters.

### III.    CONCLUSION

For the foregoing reasons, the defendants' respectfully request that O'Malley, Armstrong, Shaw, Haynes and Maloney be precluded from testifying and their subpoenas quashed.

Respectfully Submitted,
DEFENDANTS, WILLIAM FEENEY, KENNETH HEARNS,  MOSES ACLOQUE and CITY OF BOSTON,

By their attorneys:

/s/ Karen A. Glasgow
_____
Karen A. Glasgow, BBO # 648688
Susan M. Weise, BBO # # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238