UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE REGARDING JUDGE GERTNER'S OPINION AS TO WITNESS JUAN SEOANE'S CREDIBILITY**

**I.    INTRODUCTION**

Defendants William J. Feeney, Jr., Kenneth Hearns, Jean Moses Acloque, and the City of Boston ("Defendants") move *in limine* pursuant to Rules 402, 403, 608, 801(c) and 802 of the Federal Rules of Evidence seeking an order to preclude Plaintiff from introducing any evidence of or reference to Judge Gertner's partially overruled opinions, about Boston police officer Juan Seoane's ("Officer Seoane") credibility in motion to suppress memoranda. *See U.S. v. Dessesaure (Dessesaure I)*, 314 F.Supp.2d 81 (D.Mass. 2004) and *U.S. v. Dessesaure (Dessesaure II)*, 323 F.Supp.2d 211 (D.Mass. 2004).

With all due respect to Judge Gertner, it is not proper for her opinion of Officer Seoane's credibility to be referenced or introduced in the trial of this case. Plaintiff should not be permitted to question Officer Seoane or introduce extrinsic evidence (including showing him the decision) regarding (1) Judge Gertner's opinion, (2) the circumstances and facts that were the subject of the opinion, and (3) Officer Seoane's *Dessessaure* testimony.

II.     **BRIEF STATEMENT OF RELEVANT FACTS**

Officer Seoane was a prosecution in a motion to suppress hearing. *See Dessesaure I* and *Dessesaure II*. In *Dessesaure I*, Judge Gerneter, without explanation, negatively commented on the credibility of Officer Seoane's account of a defendant's statements. *Dessesaure I*, at 90. Nevertheless, in other areas, Judge Gertner credited Officer Seoane's testimony, so much as to find probable cause to arrest defendant Dessesaure. *See Dessesaure I*, at 91 and 94. In fact, Judge Gertner credited Officer Seoane's testimony about Dessesaure's evasive driving, that a witness lied, and about heroin found on that witness upon exiting Dessesaure's vehicle. *See id.* at 91. Further, Judge Gertner also found that Officer Seoane was justified in conducting a search incident to arrest at the station. *See id.* at 91. In *Dessesaure II,* Judge Gertner commented that she found Officer Seoane's testimony "less-than-credible" on a specific topic. *Dessesaure II*, at 214. Still, in the same opinion, Judge Gertner found Officer Seoane's search of Dessesaure's car to be valid. *See id.*

III.    **ARGUMENT**

Plaintiff should not be allowed to cross examine Officer Seoane regarding Judge Gertner's decisions because its probative value is substantially outweighed by the potential for unfair prejudice. Fed.R.Evid. 6089b) permits the cross examination, in the discretion of the court, into specific instances of conduct of a witness "if probative of truthfulness or untruthfulness," however, subject to Fed.R.Evid. 403.

In *U.S. v. Lopez*, 944 F.2d 33 (1st Cir. 1991) the district court faced the mirror image of facts to the case at bar. The defendant in *Lopez* sought to cross examine a police officer about his testimony in another, <u>unrelated</u> federal court trial at which a different presiding judge had granted a motion for new trial, in part because the judge had disbelieved the officer's testimony.

*See U.S. v. Lopez,* 944 F.2d at 37.  Defendant attempted to proceed under Fed.R.Evid. 608(b). *See id.*  The district court precluded this evidence under Fed.R.Evid. 403. *See id.* at 38.  The First Circuit upheld the discretion of the trial court to exclude this line of questioning.  *See id.*

Here, the witness Officer Seoane vehemently denies the allegation that his testimony was not credible.  He would testify the same way if he were questioned by the Plaintiff in this case, thereby cutting off further inquiry by Plaintiff.   However, allowing questioning on this matter at all would unduly prejudice the Defendants. Thus, this Court should preclude this line of questioning and <u>any</u> introduction of extrinsic evidence, including showing or making reference to the decision.

### B.  Referencing Judge Gertner's Opinion Would Confuse the Jury Because Her Memorandums Both Credit and Call into Question Officer Seoane's Testimony

Referencing Judge Gertner's opinion would unfairly confuse and mislead the jury as prohibited by Fed.R.Evid. 403.  Her memorandums both credit and call into question Officer Seoane's testimony.  It would unnecessarily and unfairly confuse the jury to hear that she both credited and called into question his testimony. This is not the case where a judge completely disregarded a witness' testimony because she did not believe him.  In fact, although Judge Gertner did that to a different witness in *Dessesaure I* and *II*, she did not do so to Officer Seoane.  Accordingly, it would confuse a jury hearing different accounts of Judge Gertner's opinion of Officer Seoane's testimony and, therefore, all references to it should be excluded under Fed.R.Evid. 403.

### C.  Permitting the Use of Judge Gertner's Opinion Usurps the Role of the Jury

Even if Judge Gertner's opinion is relevant to this case, it should be excluded.  An opinion of a judge as to the credibility of a witness poses a danger of the jury giving more weight

3

to the opinion than is appropriate, and consequently prejudicing the defense. Moreover, admission of Judge Gertner's opinion usurps the traditional role of the jury as the judge of a witness's credibility.

Traditionally, accordingly to the First Circuit, judgments regarding a witness's credibility are within the province of the jury and must not be substituted with the judgment of the court. *See generally Mayo v. Schooner Capital Corp.*, 825 F.2d 566 (1st Cir. 1987). The Supreme Court has held, "Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'" *U.S. v. Scheffer*, 523 U.S. 303, 313 (1998) (*quoting Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1981)). It is the jury's province, after observing Officer Seoane, the other officers, and the Plaintiff on the witness stand, to decide whom to believe. *See Abraham v. Nagle*, 116F.3d 11, 15 (1st Cir. 1997). While potentially probative of the trustworthiness of Officer Seoane's testimony, the credibility assessment made by Judge Gertner at an <u>unrelated</u> hearing would entail "a grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer" at trial. *U.S. v. Lopez*, 944 F.2d 33, 38 (1st Cir. 1991). Consequently, there is a substantial danger that members of the jury would substitute their own fact based judgment about Officer Seoane's credibility with that of Judge Gertner's, and thus, the Plaintiff's line of cross examination questions concerning Judge Gertner's opinion, and any reference to the opinion, including extrinsic evidence, must be precluded.

        D.      <u>Use of Judge Gertner's Opinion is Improper Character Evidence</u>

The First Circuit instructs that credibility choices are for the fact finder. *See U.S. v. Alicea*, 205 F.3d 480, 483 (1st Cir. 2000). Plaintiff's use of Judge Gertner's opinion is one

4

which improperly attempts to show propensity. In *Suprenant v. Rivas*, 424 F.3d 5, 21-22 (1st Cir. 2005), the defendants attempted to use a prior bad act by the plaintiff. This testimony was properly excluded by the trial court. *See id.* The First Circuit's inquiry into the use of the evidence began with the question as to "whether the proffered evidence has some special relevance which enables it to shed light on a disputed issue in the case, rather than merely to show a [party's] deplorable character of propensity for wrongdoing." *Suprenant* at 22 *quoting Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001). Next, if such special relevance exists, is its probative value outweighed by other considerations. *See id.*

Here, the proffered evidence regarding Officer Seoane's credibility does not shed light on the disputed issue in the case. Further, any probative value is outweighed by danger of unfair prejudice. Officer Seoane is not a party to the case. Such evidence would unfairly reflect on Defendants Eddings and Feeney merely because they are all officers executing the same search warrant.

The defendants in *Suprenant* were not allowed to use evidence that plaintiff had attacked a correctional officer seven years prior to the incident at issue, arguing that such evidence was probative of the plaintiff's intent and plan in the issue being tried. *See Suprenant* at 22. Here, Plaintiff will attempt to argue that Officer Seoane was found to be not credible by Judge Gertner in 2004; therefore, anything he says at trial in this case will also be not credible. This is, as the First Circuit said in *Suprenant*, clearly inadmissible. *See Suprenant* at 22. Plaintiff would be asking the fact finder to draw a propensity inference; Rule 404(b) forbids the introduction of evidence for such a purpose. *U.S. v. Ingraham*, 832 F.2d 229, 235 (1st Cir. 1987).

Furthermore, the court in *Suprenant* stated that the evidence was too weak to provide evidence of intent. *See Suprenant* at 22. Prior bad acts may provide evidence of intent if "one or

more similar prior incidents…show a pattern of operation that would suggest intent." *See id. citing* Jack B. Weinstein and Margaret A. Berger, Weintstein's Federal Evidence § 404.22[1][a] (2d ed.2005). In other words, prior bad acts may be admitted as circumstantial evidence of a party's state of mind. *Suprenant* at 23. However, Officer Seoane is not a party to this case so his state of mind is irrelevant. Accordingly, any probative value is outweighed by it being unfairly prejudicial. Thus, any use of Judge Gertner's opinion should be barred from trial.

## IV. CONCLUSION

For the reasons stated herein, the Defendants' motion *in limine* should be granted and Plaintiff should be precluded from making any reference to Judge Gertner's opinion regarding Officer Seoane's credibility.

```
                                RESPECTFULLY SUBMITTED
                                DEFENDANTS
                                William F. Sinnott
                                Corporation Counsel

                                By their attorney:


                                /s/ Karen A. Glasgow
                                _____
                                Karen A. Glasgow BBO# 648688
                                Susan M. Weise BBO # 545455
                                Assistant Corporation Counsel
                                City of Boston Law Department
                                Room 615, City Hall
                                Boston, MA 02201
                                (617) 635-3238
```