UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

## MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO BPD RULES

Now come the Defendants, William Feeney, Kenneth Hearns and Jean Moses Acloque and move *in limine* to preclude the Plaintiff, Mario Lacy, from referencing or asking witnesses questions about Boston Police Department Rules and Regulations ("BPD Rules"). Any such reference to these rules is irrelevant to the issues of this case and could mislead and confuse the jury. Accordingly, the Defendants request a curative instruction regarding the numerous questions the Plaintiff has already asked about the BPD Rules.

**1.   Reference to BPD Rules is precluded by Fed.R.Evid. 402**

The BPD Rules are irrelevant to this case. See Fed.R.Evid. 402. Here, the issues to be decided by the jury are whether the Defendants performed a strip search and a body cavity search of the Plaintiff in violation of the United States Constitution.

1

Thus, the BPD Rules are irrelevant because a violation of BPD

Rules is not *per se* a violation of the United States

Constitution.   In fact, any alleged violation of BPD Rules does

not, in any way, indicate a violation of the Constitution.

Furthermore, the BPD Rules are irrelevant because the

Plaintiff's claim of municipal liability against the City of

Boston has been dismissed.


**2.    Reference to BPD Rules is precluded by Fed.R.Evid. 403**

Even if the BPD Rules are relevant, which the Defendants

deny, any slight probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, and

misleading the jury.  See Fed.R.Evid. 403.  There is no

connection between an alleged violation of the Constitution and

an alleged violation of the BPD Rules.  Accordingly, in this

case, any probative value regarding the violation of BPD Rules

would be slight.  However, there is an extreme danger that such

questions and testimony regarding alleged violations of BPD

Rules could confuse the issues of the case and misleading the

jury into the conclusion that the Constitution was violated.

Furthermore, such references regarding the alleged violation of

BPD Rules is unfairly prejudicial and could lead to jurors to

impermissibly "punish" the officers.

3.    **Curative instruction regarding references to BPD Rules is necessary**

Because of the danger of the irrelevant BPD Rules confusing and misleading the jury, the Defendants request that the Court provide a curative instruction explaining that the BPD Rules are not the same as the United States Constitution and that a violation of BPD Rules does not, in any way, indicate a violation of the Constitution.

                                    Respectfully submitted,

                                    DEFENDANTS, WILLIAM FEENEY,
                                    KENNETH HEARNS AND
                                    JEAN MOSES ACLOQUE
                                    William F. Sinnott
                                    Corporation Counsel

                                    By their attorneys:

                                    /s/ Karen A. Glasgow
                                    _____
                                    Karen A. Glasgow, BBO#  648688
                                    Susan M. Weise, BBO # 545455
                                    Assistant Corporation Counsel
                                    City of Boston Law Department
                                    Room 615, City Hall
                                    Boston, MA 02201
                                    (617) 635-3238