UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
    Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
    Defendants.

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE S.E.R.I. REPORT

Now come Defendants, William Feeney, Kenneth Hearns and Jean Moses Acloque ("Defendants") and hereby move *in limine* to exclude the S.E.R.I. report pursuant to Fed.R.Evid. 401, 403 and 807. The Defendants do not challenge the tests that were performed however they do challenge the reliability of the evidence upon which the tests were performed. The testimony heard at trial establishes that the evidence sent to California to be tested lacks the sufficient high degree of trustworthiness to justify its admission under Fed.R.Evid. 807.

The report is not relevant evidence under Fed.R.Evid. 401. However, if this Court deems it so, then it must be excluded under Fed.R.Evid. 403 as its probative value is substantially outweighed by the danger of unfair prejudice. The testimony presented at trial shows that two evidence bags were collected from the ground on Marvin Street in the early hours of July 15, 2001. These bags had been lying on ground which was strewn with garbage, dirt, urine, and food wrappers for approximately seven hours before they were recovered by the Crime Lab technicians. The Plaintiff testified that he was unable to identify which of the bags he alleges was used to penetrate him. There is no evidence that the bags were in the same condition as when they were discarded. In addition, there is no evidence that the bag the Boston Police

Department Crime Lab sent to California to be tested was the bag used on Plaintiff. All that has been presented is a bag with a small stain on it was sent to California. In *U.S.v Soto-Beniquez*, 356 F.3d 1, 38 (1st Cir. 2003) the First Circuit rejected appellent's objection to the admission of a photograph of a gun. Appellant argued that there was no reliable evidence that it was the gun actually seized from him. *See id.* However, the photograph was admitted because the district court found there sufficient indicia of reliability that the photograph was what it purported to be because specific markings on the gun matched the description on the police report. *See id.* The arresting officer was also able to authenticate the photograph by testifying that it depicted the weapon seized from the appellant. *See id.* Here, however there has been nothing to indicate that the bag sent to California to be tested was the one allegedly used on Plaintiff.

Respectfully submitted,

DEFENDANTS, WILLIAM FEENEY, KENNETH HEARNS, JEAN MOSES ACLOQUE

By their attorneys,
William F. Sinnott
Corporation Counsel

/s/ Karen A. Glasgow
_____

Karen A. Glasgow   BBO# 648688
Susan M. Weise, BBO # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-3238