# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11492-WGY

MARIO LACY,
     Plaintiff,

v.

WILLIAM J. FEENEY, Jr.,
KENNETH HEARNS, JEAN
MOSES ACLOQUE AND THE
CITY OF BOSTON
     Defendants.

## DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS

Now come the Defendants in the above-captioned action, William Feeney, Kenneth

Hearns, and Jean Moses Acloque ("Defendants"), and respectfully submit the following requests

for instructions to the jury. The Defendants further reserve their right to supplement, modify or

make deletions from the attached jury instructions as may become appropriate during the course

of trial. The Defendants will submit such requests seasonably in advance of the Court's charge.

The Defendants also state that these proposed jury instructions are being submitted without

waiving, and without prejudice to, any Motion for Judgment as a Matter of Law.

Respectfully Submitted,
DEFENDANTS, WILLIAM FEENEY, KENNETH
HEARNS, AND JEAN MOSES ACLOQUE
By their attorneys:

/s/ Karen A. Glasgow
_____
Karen A. Glasgow, BBO # 648688
Susan M. Weise, BBO # 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238 (KAG)

1

## REQUEST NO. 1
## Burden of Proof (§ 1983)

In a Section 1983 civil rights action, such as this one, the burden of proof is on the plaintiff to "prove by a preponderance of the evidence that he or she was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9,14 (1st. Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879 (1991)); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996).  In the present case, the Plaintiff must prove by a preponderance of the evidence that the Defendants searched him in violation of his Fourth Amendment rights.  If the evidence is equally balanced as to any of the essential elements of the Plaintiff's claims, then you must find for the Defendants. Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969).

### REQUEST NO. 2
### Constitutional Violation (§ 1983)

In any case brought under § 1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. <u>Willhauck v. Halpin</u>, 953 F.2d 689, 703 (1st Cir. 1991); <u>Baker v. McCollan</u>, 443 U.S. 137 (1979). The question for the Court is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981).

**REQUEST NO. 3**
**Constitutional Violation (§ 1983)**

Not every tort allegedly committed by a public employee rises to the level of a Constitutional violation.  Martinez v. California, 444 U.S. 277, 281 (1980);  Parratt v. Taylor, 451 U.S. 527, 544 (1981);  Baker v. McCollan, 443 U.S. 137, 146 (1979);  Furtado v. Bishop, 604 F.2d 80, 95 (1st Cir. 1979).

## REQUEST NO. 4
## Fourth Amendment

The Fourth Amendment to the United States Constitution provides, in part, that:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated…

You are instructed that entries and/or searches without a warrant are illegal and unless consent is obtained or there is probable cause to enter to search and exigent circumstances.

Amendment 4, United States Constitution.

## REQUEST NO. 5

### Fourth Amendment – Reasonableness

"Reasonableness under the Fourth Amendment is defined by what is reasonable based on the context in which a Fourth Amendment search or seizure takes place.  Accordingly, you must consider all of the surrounding facts and circumstances as presented to you by the evidence in making your determination as to whether any search made was reasonable.

New Jersey v. T.L.O., 469 U.S. 325, 337 (1985).

## REQUEST NO.6
## Fourth Amendment - Standard

The constitutional standard in Fourth Amendment cases is "reasonableness."

Griffin v. Wisconsin, 483 U.S. 868 (1987).

## REQUEST NO. 7
## Fourth Amendment - Search

A "search" is defined as an infringement of an expectation of privacy that society is prepared to consider reasonable.

U.S. v. Jacobsen, 466 U.S. 109, 113 (1984).

**REQUEST NO. 8**
**Probable Cause**

Probable cause exists when "given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described."  U.S. v. Moore, 790 F.2d 13, 15 (1st Cir 1986) quoting United States v. White, 766 F.2d 22, 25 (1st Cir.1985).

## REQUEST NO. 9
## Probable Cause

You must judge the constitutionality of the Defendants' conduct in light of the information available to them at the time that they acted.  Omniscience is not the presumed mindset of an objectively reasonable police officer.  Maryland v. Garrison, 480 U.S. 79, 85 (1987).  See also Hegarty v. Somerset County, 53 F.3d 1367, 1373-74 (1st Cir. 1995), cert. denied 116 S.Ct. 675 (1995).

## REQUEST NO. 10
## Probable Cause

"Probable cause exists where the facts and circumstances in the arresting officers'

knowledge and of which they had reasonably trustworthy information are sufficient to warrant a

[person] of reasonable caution in believing that an offense has been or is being committed."

U.S.v. Klein, 522 F.2d 296, 299 (1st Cir. 1975).

## REQUEST NO. 11

### Minimum Exposure Search

Any incidental viewing or observation of private body parts is not a strip search.  A critical question is whether viewing a naked body was an objective of the search rather than an unavoidable and incidental by-product. For example, momentary exposure as an inmate walks from behind a disrobing screen to a shower naked in order for his clothes to be searched by prison officials is not a strip search.  Wood v. Hancock, 254 F.3d 57, 64-65 (1st Cir. 2003).

See also Cuilla v. Rigny,89 F.Supp.2d 97, 98-99 (D.Mass. 2000), where "pulling top away from her body and rolling down the top of her shorts a few inches both with minimum exposure, so that she (matron) could be sure Cuilla was not concealing anything in her bra or the waistband of her undergarments (for purposes of this opinion is a minimum exposure search)."

**REQUEST NO. 12**
**Authority for search (Federal)**

A law enforcement officer may properly and legally conduct a strip search of an arrestee or detainee when he or she has reasonable suspicion to believe that the subject of the search is concealing contraband on his or her person.  If you find that the police officer who searched the plaintiff had reasonable suspicion under all the facts and circumstances to believe that person searched might be concealing contraband on his or her person, then the search conducted by that officer of that person was within the bounds of the law.  Swain v. Spinney, 117 F.3d 1 (1st Cir.1997).

## REQUEST NO. 13
## Reasonable Suspicion

Reasonable suspicion is when the officer possesses specific and articulable facts, which when taken together with rational inferences from those facts, reasonably "warrant the intrusion." U.S. v. Sandoval Espana, _F.Supp.2d__ (D.R.I. 10/18/06) citing U.S. v. Taylor, 162 F.3d 12, 17 (1st Cir. 1998).

A finding of reasonable suspicion demands only an objectively reasonable appraisal of the facts not a meticulously accurate appraisal.  See U.S. v. Coplin, 463 F.3d 96, 101 (1st. Cir. 2006).

## **REQUEST NO. 14**
## **Authority for search (State)**

A strip search requires that police possess probable cause before conducting one.   A "pat-down" search, however, requires police to have only a reasonable suspicion before conducting one.   <u>Commonwealth  v. Thomas</u>**,** 429 Mass. 403, 408 (1999).

**REQUEST NO. 15**
**Search Definitions (State)**

A strip search occurs when police command an individual to remove the last layer of his or her clothing.  Commonwealth. v. Prophete, 443 Mass. 548, 557 (2005).

**REQUEST NO. 16**
**Strip Search (Federal)**

The definition of a strip search is an inspection of a naked individual, without any scrutiny of the subject's body cavities. <u>Blackburn v. Snow</u>, 771 F.2d 556, 561 n.3 (1st Cir. 1985); <u>U.S. v. Barnes</u>, 443 F.Supp.2d 248, 253 (D.R.I. 2006)(where plaintiff was ordered to remove all his clothes after he was arrested for possession of marijuana).

## REQUEST NO. 17
## Search Justification

Considerations providing the justification of a strip search include: whether the officers knew the plaintiff to be a drug dealer; the appearance of the plaintiff during the stop; narcotics dealers often carry concealed narcotics and weapons on their person; threat to officer safety; whether the officer had ever arrested the plaintiff before for narcotic possession.  U.S. v. Cofield, 391 F.3d 334, 337 (1st Cir. 2004).

"In the case of a person who is arrested for a drug trafficking crime, a simple strip search for contraband and weapons, ordinarily, is justified because "[i]t is common knowledge that controlled substances often are concealed on the person of users and dealers alike," and because it is well known that firearms are "tools of the trade".  See  U.S. v. Barnes, 443 F.Supp.2d 248, 253 (D.R.I. 2006) citing Burns v. Loranger, 907 F.2d 233, 238-239 (1st Cir. 1990) and U.S. v. Perrotta, 289 F.3d 155, 165 (1st Cir. 2002).

**REQUEST NO. 18**
**Lawfulness of a Strip Search**

The lawfulness of a strip search depends on whether the circumstances reasonably justify the invasion of privacy.   In assessing the question of reasonableness, a court must assess the totality of the circumstances including the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it and the place in which it is conducted.  The inquiry is of a practical nature calling for a sensible assessment of the circumstance.  A well-justified concern for the safety of police officers can of course furnish important justification. United States v. Cofield, 391 F.3d 334, 336 (1st Cir. 2004).

One of the considerations in considering the reasonableness of a strip search is that it is common knowledge that controlled substances often are concealed on the person of users and dealers alike. Id., at 336, n. 1 citing Burns v Loranger, 907 F.2d 233, 238-239 (1st Cir. 1990)

In assessing the manner in which a strip search was conducted, considerations include: whether it was conducted in a professional manner with no more intrusion than was necessary to accomplish the proper law enforcement purpose.   Unprofessional or overly-intrusive conduct would include forcing the suspect to assume humiliating poses, exposure of the suspect in an unnecessarily public place or to members of the opposite sex, exposure for unreasonable durations, or subjecting the suspect to degradation or ridicule.  United States v. Cofield, 391 F.3d at 337-338.

19

## **REQUEST NO. 19**
## **Search incident to Arrest and Probable Cause**

"The fact that search precedes a formal arrest is not important, as long as probable cause

[to arrest]existed independent of the results of the search." Commonwealth v. Brillante, 399

Mass. 152, 154-155 n5  (1987)(citations omitted).

**REQUEST NO. 20**
**Exigency**

Exigency is "a real 'likelihood of imminent loss of the evidence.'" <u>Commonwealth v. Tarver</u>, 369 Mass. 302, 308 (1975).  "Where probable cause exists and there are exigent circumstances in which police action literally must be 'now or never' to preserve evidence of the crime, it is reasonable to permit action without prior judicial evaluation." <u>Roaden v. Kentucky</u>, 413 U.S. 496, 505 (1973).

## REQUEST NO. 21
## Violation of Police Department Rules and Regulations

Violating an agency's rules is not the equivalent of violating the United States

Constitution.  See United States v. Ceccolini, 435 U.S. 268 (1978)(Internal Revenue Service

rules were not given the sanction of the exclusionary rule due to the Court's fear that such an

action would discourage agencies from promulgating rules.) The United States Supreme Court

has recognized that elevating police rules to constitutional rights distorts those rules. See  Whren

v. United States, 517 U.S 806, 815 (1996).

## REQUEST NO. 22
## Failure to Intercede

An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under Section 1983. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 209 (1st Cir.), cert. denied, 500 U.S. 956 (1990). A police officer cannot be held liable for failing to intercede, however, if he has no "realistic opportunity" to prevent an attack. Id.; see also Jesionowski v Beck et al., 937 F. Supp. 95, 104-105 (D. Mass. 1996). See also Wilson v. Town of Mendon, 294 F.3d 1, 14 (1st Cir. 2002). An onlooker cannot be charged with Section 1983 liability for another's sudden, momentary actions. Noel v Town of Plymouth, 895 F. Supp. 346, 352 (D. Mass. 1995).

**REQUEST NO. 23**
**Joint Venture Liability**

To establish joint venture liability the Plaintiff must prove that a defendant "associated himself with the venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 15 (1st Cir. 2002).

**REQUEST NO. 24**
**Constitutional Violation – MCRA**


The Massachusetts Civil Rights Act, M.G.L. c.12, §11I and 42 U.S.C. §1983 are parallel statutes.  Thus, the analysis for MCRA is similar to §1983 analysis.  A person states a claim under §11I upon showing: (1) threats, intimidation or coercion that (2) lead to violation of a federal or Commonwealth constitutional right or statutory provision.  Like §1983, MCRA requires an actual deprivation of constitutional rights.  Therrien v. Hamilton, 849 F.Supp. 110, 115 (D. Mass. 1994); Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 246 (1st Cir. 1994); Biggins v. Hazen Paper Co., 953 F.2d 1405, 1425 (1st. Cir 1992), cert. denied 505 U.S. 1222 (1992).

## REQUEST NO. 25
## Constitutional Violation - MCRA - Elements

The elements or standards that are needed to prove a violation of federal law are the same under the Massachusetts civil rights law.  However, under the Massachusetts civil rights law the Plaintiff has one additional element she must prove.  It's the same civil rights that are at issue, but the alleged denial of the Plaintiff's civil rights by the Defendants has to be accomplished by threats, coercion, or intimidation.  A threat simply means saying or gesturing, in effect, if you don't do this, then something will happen to you.  Coercion is making someone do something they are unwilling to do.  Intimidation is scaring them into doing something or refraining from doing something that otherwise they would do.  If you find threats, coercion, or intimidation, by physical confrontation or contact, and then find as a natural consequence of the threats, coercion and intimidation that the Plaintiff was deprived of any of the civil rights I've talked about, then he has proved a violation of the Massachusetts civil rights statute.  See Bell v. Mazza, 394 Mass. 176 (1985); Murphy v. Town of Duxbury, 40 Mass. App. Ct. 513, 518 (1996); Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass 467, 476, n.9 (1994)

**REQUEST NO. 26**
**Constitutional Violation – MCRA - Elements**

Not every violation of law is a violation of the State Civil Rights Act.  A direct violation of person's rights does not by itself involve threats, intimidation, or coercion and thus, does not implicate the Act.  Conduct, even unlawful conduct, does not invoke the Act when all it does is take someone's rights away directly.  Only if the direct action also included threats, intimidation or coercion of a particular individual or individuals may liability under MCRA be established, if such threats, intimidation or coercion interfered with that individual's exercise or enjoyment of rights secured by law.  Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 473 (1994); Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781 (1987); Layne v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 406 Mass. 156, 158 (1989).

## REQUEST NO. 27
## Constitutional Violation (§ 1983) - Supervisory Liability

A supervisor may be held liable for the foreseeable consequences of the conduct of the other police officers that day only if "he would have known of it but for his deliberate indifference or willful blindness." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).

To prove deliberate indifference as a supervisor, the Plaintiff must show that 1) there was a grave risk of harm, 2) the supervisor had actual or constructive knowledge of that risk; and 3) he failed to take easily available measures to address the risk. Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998).

## **REQUEST NO. 28**
## **Constitutional Violation (§ 1983) - Supervisory Liability**

In addition to the Plaintiff showing deliberate indifference, the Plaintiff must also affirmatively connect his conduct to his subordinate's violative act or omission." <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 582 (1st Cir. 1994).

## REQUEST NO. 29
## Proximate Cause

For the Defendants to be liable for damages, the Plaintiff has the burden of proving by a preponderance of the evidence that whatever injury he suffered was proximately caused by the conduct of the Defendants.  That is, you cannot find that the Defendants violated the Plaintiff's constitutional rights unless you find that there is a sufficient causal connection between the Defendants' acts and the Plaintiff's alleged injury.  To determine whether there is proximate cause, you must determine whether there is an affirmative link between the Defendants' acts and the alleged injury.  Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983);  Rizzo v. Goode, 423 U.S. 362, 371 (1976).

## REQUEST NO. 30
### Damages

As with most other aspects of this case, Plaintiff bears the burden of proving to you by a preponderance of the evidence that any damages he claims to have suffered came as a direct result of any illegal conduct you find by the Defendants, William Feeney, Kenneth Hearns and Jean Moses Acloque.  To receive such damages, the Plaintiff must prove to you with a reasonable certainty that the damages he claims were actually caused by the Defendants William Feeney, Kenneth Hearns and Jean Moses Acloque and not caused by other factors.

Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in such cases.  Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-308, (1986).

You also are not permitted to award speculative damages, which means damages based upon conjecture or guess. Accordingly, if the evidence that the Plaintiff offers with respect to damages it too remote, speculative or hypothetical, then you must find that he is not entitled to any recovery.

3 O'Malley et al., Federal Jury Practice and Instructions, §128.80 (5th ed. 2000); Conway v. Electro Switch Corp., 402 Mass. 385 (1988).

## REQUEST NO. 31
## Compensatory Damages

There are two kinds of compensatory damages. The first is economic damages, and they must have adequate evidentiary support such as medical bills and lost wages. Havinga v. Crowley Towing and Transportation Co., 24 F.3d 1480, 1489 (1st Cir. 1994); Koster v. Trans World Airlines, 181 F.3d 24, 34 (1st Cir. 1999).

The second kind of compensatory damages is non-economic damages. These damages include awards for such injuries as pain and suffering; loss of capacity for enjoyment of life and/or emotional distress and while they are more difficult to calculate, the presence or lack of evidence is relevant to your calculations. You may consider  whether there was testimony or documents introduced to indicate medical or psychiatric treatment, the use of any expert testimony, length of any injury, whether it was permanent or temporary; nature of such injury; and how such injury impacted, if at all, upon the plaintiff's participation in any particular activities whether professional, recreational or personal. The lack of such evidence is relevant to the amount of the award.

Koster v. Trans World Airlines et al., 181 F.3d 24, 35-36 (1st Cir. 1999); Havinga v. Crowley Towing and Transportation Co., 24 F.3d 1480, 1488-1489 (1st Cir. 1994); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 724 (1st Cir. 1994) and Smith v. Kmart Corp., 177 F.3d 19, 31 (1st Cir. 1999).

## REQUEST NO. 32
## Mental Distress -Damages

A claim of mental suffering should not result in a windfall to the Plaintiff.  Damages for mental distress are only available where there is actual proof of objectively recognizable damages.  This standard requires the showing of "medically cognizable psychological distress" caused by a Defendant's conduct.  Plaintiffs are not entitled to damages for mental distress where their testimony of "psychological discomfort" is not corroborated.

Perez v. Rodriguez Bou,  575 F.2d 21, 25 (1st Cir. 1978); Carey v. Piphus, 435 U.S. 247, 264 (1978).

# REQUEST NO. 33
## Punitive Damages

There is a different focus for punitive damages as opposed to compensatory damages. The plaintiff must prove that the defendants' conduct is motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others.

The standard requires proof that the defendant police officers acted in the face of a perceived risk that their actions would violate federal law.

While egregious or outrageous acts may serve as evidence supporting an inference of the requisite "evil motive", the presence of such acts does not in itself determine the propriety of punitive damages.  The former relates only to the conduct, an intent to do the act; the state of mind required for punitive damages for punitive damages relates to the consequence, the civil rights violation.

Kolstad v. American Dental Ass'n, 527 U.S. 526, 534-536 (1999); Smith v. Wade, 461 U.S. 30, 56 (1983); Iacobucci v. Boulter, et al., 193 F.3d 14, 25-26 (1st Cir. 1999).

## **REQUEST NO. 34**
### **Punitive Damages**

If there is no proof that the defendants harbored any evil motives or a conscious awareness that their actions might violate the plaintiff's civil rights, then you may not award punitive damages. "Where…the evidence shows no more than an exasperated police officer, acting in the heat of the moment, made an objectively unreasonable mistake, punitive damages will not lie." <u>Iacobucci v. Boulter, et al</u>., 193 F.3d 14, 26 (1st Cir. 1999).